### MAYER v. HILL et al.
### No. 14976.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

Frank H. Langridge, of Gretna, for appellant.

James J. Landry, of New Orleans, for appellees.

JANVIER, Judge.

William Mayer seeks judgment for $1,547.-57 against his former wife, Mrs. Jennie Hill Mayer, and against her present husband, Frank C. Mayer. He also asks for an accounting and for a further judgment for such additional amounts as the accounting may show to be due him. Frank C. Mayer, the present husband of Mrs. Jennie Hill Mayer, is a brother of plaintiff.

The claim is alleged to result from a written agreement entered into by plaintiff and Mrs. Mayer under which the community property acquired during the marriage was to be divided between them on a stipulated basis.

In the district court there was judgment sustaining a plea of estoppel filed by defendants and dismissing the suit, and plaintiff has appealed.

The plea of estoppel is based on an alleged settlement which defendants aver was entered into between William Mayer and the defendant Mrs. Jennie Hill Mayer, as a result of which plaintiff paid to his former wife the sum of $600 with the understanding that that payment should constitute a full settlement of the financial disagreement over the affairs of the community of acquets and gains. In other words, defendants admit that there was a written agreement as to the settlement of the community, but they contend that later a new agreement was arrived at under which William Mayer was to pay to Mrs. Jennie Hill Mayer $600, with the understanding that all further contentions would be discontinued.

Plaintiff admits that he paid the $600, but attempts to show that when he did so it was understood that his former wife would abandon all further claims to any portion of the community property, and that he did not know that she had collected from a fire insurance company $2,000 as the result of a fire loss sustained by the premises belonging to the community and known as 217 S. Roman street.

He contends that it was his understanding when the settlement was made and when he paid the $600 to his former wife that he would receive the payment from the insurance company.

It thus develops that only one question of fact is involved on the consideration of the plea of estoppel and that is whether or not William Mayer, the present plaintiff, when he made the settlement with his former wife, knew that she had already received settlement from the insurance company. If he had this knowledge, then the settlement was made with knowledge of all the facts.

The record leaves no doubt that a full and complete settlement was intended by the parties and it necessarily results that, when that settlement was consummated, if each of the parties had full knowledge of all pertinent facts, that settlement fully estops either to make claim against the other on any matter

which was intended to be included in and precluded by that settlement.

The record is voluminous and it contains full proof of the knowledge of plaintiff, when he agreed to the settlement, that his former wife had received payment from the insurance company. It is not necessary that we go into a detailed analysis of the evidence which is overwhelmingly against plaintiff and which shows conclusively that he had knowledge that the insurance transaction had been closed and that his former wife had been paid by the insurer.

The district judge in his reasons for judgment, in referring to plaintiff, William Mayer, said:

"The suit, so far as he is concerned, is not brought in good faith, but mainly, I think, to gratify his animosities and to harass a brother and a former wife. Besides that, too, in his confession here that in a former proceeding in which his former wife was claiming alimony of him, he perjured himself and he solicited his brother, Frank Mayer, to perjure himself, too, to support him."

The finding of the late distinguished judge of the district court is amply supported by the evidence which shows that a complete settlement was agreed to and consummated.

The judgment appealed from is affirmed at the cost of plaintiff.

Affirmed.