LE BLANC, Justice.
 

 On December 12, 1946, Mrs. Bertha Aline Saunier, plaintiff in the present proceeding, obtained a judgment of separation from 'her husband, Adias Saunier. The judgment granted her the care and custody of two minor children, issue of their marriage and ordered him to pay her the sum of $200 per month, beginning January 5, 1947, for the maintenance and support of herself and the children. The community of acquets and gains was partitioned in accordance with an agreement between them and which is referred to in the judgment.
 

 On March 14, 1947, Mrs. Saunier instituted the present proceeding by rule to have her husband adjudged guilty of contempt of court, alleging in her motion that whilst he did pay her the sum of $200 for the months of January and February, 1947, he has failed and refuses to pay that amount for the month of March, 1947 and instead, has tendered her the sum of $150 only, represented by a check which she is holding and has not cashed for the reason that that is not the amount which the judgment condemned him to pay.
 

 
 *617
 
 In answer to the rule the defendant admitted all the averments with regard to the alimony due by him and denies that he has failed to pay that due for the month of March 1947. He especially pleads that on or about February 25, 1947, which was subsequent to the 5th of that month, the day on which the alimony became due each month, his wife had received the sum of $907.61 which was his own personal property.
 

 He further avers, in the alternative, that should the court hold that the said sum of $907.61 was property that formerly belonged to the community existing between him and his wife, that said community was terminated by the judgment of court rendered on December 12, 1946; that subsequent to the rendition of that judgment they both entered into a partition agreement whereby the community property was divided and by the terms of which his wife received the sum of $5,000 cash in addition to certain real estate and that he received all of the other property and assets of the community, obligating himself for all of its debts; that in accordance with the said agreement she conveyed and delivered unto him all of her right, title and interest in all movable and immovable property belonging to the community except the property specifically transferred to her in the partition agreement.
 

 He avers that after she received the said sum of $907.61, plaintiff began to and did convert the entire amount to her own use and benefit and that she thereby became and was indebted unto him for the said sum and that on the fifth day of March 1947, he made demand on her for the payment thereof or to apply it on future alimony payments due by him until the entire amount had been absorbed.
 

 Plaintiff in rule then filed a motion to 'strike certain articles of defendant’s answer pointing out in her motion that in his answer defendant “does not deny, and therefore admits, that he tendered to plaintiff for the month of March, 1947, the sum of only $150.00”. She asks that these articles of the answer be stricken because they relate to a certain sum of money unidentified in the answer, allegedly received by her from some one or from some source other than defendant and not received by her with any purport of being in payment of the alimony or support due her.
 

 The motion to strike was referred to the merits by the trial judge. After a hearing on the merits on an agreed stipulation of facts, with reservation of the rights of the plaintiff under her motion to strike and objection to the admissibility of testimony, there was judgment in favor of the defendant denying the motion to strike and dismissing the rule at plaintiff’s cost. This is an appeal from the judgment which so decreed.
 

 It appears that the $907.61 in contest are the proceeds of a check' issued by the United States Government as a refund on federal income taxes paid for the year 1946,
 
 *619
 
 the check being made to the order of the plaintiff in rule. The return on the taxes due for that year had been made in the separate names of the husband and wife, but payment of the taxes had been made by the defendant, three of the installment payments having been made while the community was still in existence. The refund which was not made until the month of February, 1947 was divided in two equal payments, one being made to each of the parties, as the tax returns had been made in their separate names. It was upon obtaining this information that the defendant, after also learning that plaintiff had converted the amount represented by the check received by her to her own use, reduced the amount of $200 due for the alimony on March 5, 1947 to the sum of $150. In his written reasons for judgment, the trial court held that the amount of his refund of taxes for the year 1946 which was received by plaintiff in rule was the property of the defendant, according to the partition agreement entered into between them as shown by the judgment of December 12, 1946 dissolving the community and since it was actually the property of the defendant, plaintiff had become indebted unto him for that full amount. He further held that as this was a debt due by. her to him and he was also indebted to her under the alimony judgment, both debts existed simultaneously and therefore, compensation took place under the terms of articles 2207 and 2209 of the Revised Civil Code.
 

 The issues presented by counsel for plaintiff may be said to be threefold: First, as a legal proposition, it is contended that no evidence could be offered on the question of who is entitled to the tax refund in a trial on a rule for contempt; second, as a proposition of law and of fact, it is contended that the tax refund made to Mrs. Saunier is her separate property and belongs to her individually and that Mr. Saunier did not, and does not in any event, have a cause of action to recover judgment against her for the amount thereof and third, as a proposition of law, that if it was. his money, it could not be pleaded in compensation in this case.
 

 The first proposition involves plaintiff’s motion to strike from defendant’s answer to the rule certain averments relating to the $907.61 and under which he claims that sum of money to be his property. It is urged that the mere allegation “that the said sum was property belonging to your defendant” was merely a conclusion of law with no allegations of fact to support it.
 

 Aside from the fact that a “motion to strike” is a form of procedure that is foreign to our pleading and practice in Louisiana, Central Saving Bank & Trust Co. v. Oilfield Supply & Scrap Material Co., 202 La. 787, 12 So.2d 819, we are of the opinion that the averments contained in those articles of the answer complained of constitute matters of defense to the plaintiff’s rule. They relate to a sum of money which defendant claims to be his
 
 *621
 
 own and which he alleges plaintiff has converted to her own use and therefore he pleads it in payment of the amount he owes her under the judgment of support. Clearly, that was a matter of, or a plea in defense which could be inquired into on trial of the rule on the merits.
 

 It is urged further, however, that even if this sum of money is the property of defendant, that did not afford him a reason or an excuse to refuse to comply with the judgment of support; that his remedy was by a separate action against the plaintiff or by a rule to have the judgment modified. The cases of Perrault v. Edwards, 170 La. 671, 129 So. 125 and Snow v. Snow, 188 La. 660, 177 So. 793, are cited in support of this contention. But the defendant here is not refusing to comply with the judgment condemning him to pay for the support and maintenance of plaintiff and her two children, nor is he urging that the amount he was ordered to pay thereunder be reduced because of his inability to pay or for any other reason. All that he is urging by way of defense to the rule is that he is not in contempt of court for the reason that the full amount due by him for the
 
 month
 
 of March, 1947 has been paid. The cases cited have no application.
 

 On trial on the merits the rule was submitted on an agreed stipulation. By that stipulation it is shown that during the year 1946 there were three quarterly checks forwarded by the defendant to the United States Collector of Internal Revenue for income taxes due to the Federal Government for that year. These three checks totalled the sum of $2,631.66. They were each for the same amount of $877.22, the last having been drawn September 25, 1946 while the community of acquets and gains was still in existence. It is further agreed that the funds out of which these taxes were paid were community funds. It is also made to appear that between February 5 and March 5, 1947 each of the parties received a check from the United States Collector of Internal Revenue for the sum of $907.61, as a refund on the income taxes which had been paid during the year 1946. The question presented is whether this entire refund is the separate property of the defendant by reason of the transfer by plaintiff to him of all of her rights and interest in the community in the agreement of partition and separation of the community property between them and which forms part of the judgment of separation between them.
 

 The trial judge held that the refund was an asset of the community and, under the transfer in the partition agreement, it became the property of the defendant. We think that he is supported in his finding by the very wording of the partition agreement and the transfers that took place thereunder. Mrs. Saunier in consideration of her receiving the sum of $5,000 cash and certain real estate, and of Mr. Saunier assuming all of the debts of the community formerly existing between
 
 *623
 
 •them, transferred, conveyed and delivered ■unto him, “all of her right, title and interest in and to all movable and immovable property belonging to the community of acquets and gains * * with the ■exception of the property and $5,000 cash which she had received. We are of the opinion that the wording of that agreement which became a part of the judgment •clearly evidenced her intention to transfer and convey to her husband whatever right she may have had in any claim the community may have an interest in after its ■dissolution, including a claim for a refund of an over-payment of these federal income taxes. The trial judge was correct therefore in decreeing the sum of $907.61 which was received by the plaintiff in rule to be the property of her husband and the next question which presents itself is whether or not that sum of money can he pleaded in compensation of the judgment which condemned him to pay alimony.
 

 The first contention on this point is that a judgment for alimony is not an ordinary money judgment inasmuch as it orders the doing of a certain thing which, if not done, can subject the party who is condemned to punishment 'for contempt of court. The judgment nevertheless is one for the payment of a certain sum of money and the availability of a contempt proceeding is only a summary means or method of enforcement. We are unable to see the distinction which counsel seeks to draw between this kind of judgment and an ordinary judgment in order to take it out of the rule laid down in article 2207 of the Civil Code which provides that “When two persons are indebted to each other,” compensation that extinguishes both of the debts takes place between them. The rule is qualified only in the manner and in the cases thereafter expressed in subsequent articles. The fact that the judgment for alimony in this case does not declare how much of the amount of $200 a month is allotted to' the support of the two minor children, and how much to the wife, as is pointed out by counsel, does not make any difference for the judgment is one in her favor and the money is to be spent by her for the support of both herself and the children.
 

 The next contention on this point is that the debts are not equally liquidated and demandable as required by article 2209 of the Civil Code. That article reads as follows : “Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.”
 

 In referring to the time at which a debt becomes liquidated it is stated in the early case of Carter et al. v. Morse, 8 Mart., O.S., 398: “A debt, says Pothier, is liquidated when it appears that something is due, and how much. Cum certum sit an debeatur & quantum debeatur. A
 
 *625
 
 contested debt, therefore', is not a liquidated one; and so cannot be set off, unless he who claims to set it off, has the proof in his hands, and be ready to prove it promptly and summarily. 2 Pothier’s Obligations, n. 174.” In this case not only had the defendant the proof in his hands and was ready to prove the debt arising from the plaintiff’s having converted the sum of money to her own use, promptly and summarily, but he did make that proof to the satisfaction of the trial judge whose findings we approve. It was thus removed from the realm of dispute and that fact distinguishes the case from all of the cases cited, and relied on by counsel for plaintiff.
 

 It is further urged on behalf of the plaintiff, however, that compensation cannot take place in the instant case because by the terms of article 2210 of the Civil Code it is provided that, “Compensation takes place, whatever be the causes of either of the debts, except in case: (1) Of a demand of restitution of a thing of which the owner has been unjustly deprived.” In order to bring the case within the exception, counsel for plaintiff would have the court apply a strained construction to the word
 
 thing
 
 as used in that article. It clearly does
 
 not
 
 refer
 
 to
 
 a “sum of money” which according to article 2209, R.C.C. may be, and is in fact, the very object of compensation in this case.
 

 Lastly, on this point, it is contended that compensation cannot take place because it would lead to the prejudice of the two minor children in whose favor, as well as plaintiff’s, the judgment of alimony was rendered, and article 2215 of the Civil Code specifically provides that compensation cannot take place to the prejudice of the rights acquired by a third person. Whilst it is true that the amount awarded by the judgment of alimony in the sum of $200 payable each month is for the maintenance and support of both the plaintiff and the two minor children it is nevertheless a- judgment in plaintiff’s favor, the amount awarded to be used by her for the joint support of them all. With relation to her and to the judgment awarded in her favor in such manner, the two children are not third persons within the meaning and contemplation of the article of the Code relied on.
 

 This disposes of all of the issues that were presented in the case. The judgment below correctly decided them all in favor of the defendant in rule and it will accordingly be affirmed.
 

 For the reasons stated, the judgment appealed from is affirmed at the costs of the plaintiff in rule, appellant herein.