**55 So.2d 888**

**BABIN v. BABIN.**
**No. 40184.**

Dec. 10, 1951.

Eugene Stanley, New Orleans, for defendant-appellant.

B. P. Landry and Gerald S. Quinlan, New Orleans, for plaintiff-appellee.

FOURNET, Chief Justice.

Mrs. Luna Marcotte Babin, in a judgment of separation from bed and board from her husband, George T. Babin, dated March 31, 1950, was awarded alimony at the rate of $140 per month beginning April 1, 1950, and on September 25 of that year proceeded by rule to have the judgment become executory for the sum of $140 due for the month of September. In answer to the rule the defendant averred that he had been paying the alimony in compliance with the order of the Court from April 1st until the 15th of September, when he learned that the plaintiff in rule had received a refund from the United States government amounting to $228.95, representing income tax overpayment made during the existence of the marriage, and that such sum was and is the personal property of the defendant husband because of the provisions of an agreement partitioning the community property, which agreement constituted a complete settlement and compromise of the rights and claims of each of the parties to the community of acquets and gains—and that the wife thereby disclaimed any interest in the remainder of the assets of the community, including this refund. From a judgment in favor of the plaintiff making the rule absolute, the defendant prosecutes this appeal.

It appears that some six months after an inventory of the community assets had been made, which was duly homologated and approved by the Court in the separation proceedings and formed the basis of the Act of Settlement of the community property, a refund in total amount of $457.90 was made by the Federal government on income taxes paid by the plaintiff and defendant for the years 1947 and 1948 (during the marriage), by sending checks to each for $228.95—community returns having been filed separately.

It is not the contention of the defendant that the item so refunded is not an asset of the former community, but he claims (1) that under the case of Saunier v. Saunier, 217 La. 607, 47 So.2d 19, he, the husband, became vested with this refund under the compromise settlement of April 28, 1950, above referred to, wherein the wife re-

ceived $4,713.75 in cash or its equivalent and the defendant received $1,624.19 in cash or its equivalent (the wife, in addition, relinquished her claim that certain race horses belonged to the community); and further, (2) that under the decision of this Court in Smith v. Smith, 217 La. 646, 47 So.2d 32, the wife, upon receipt of the $4,713.75 in settlement of the community, ceased to be entitled to any further alimony unless and until she could show that the cash or other property set out in the agreement has been entirely expended.

 Unlike the facts of the case of Saunier v. Saunier, supra, in the case at bar there is no provision in the act partitioning the assets of the community, nor is there any phraseology in that document, from which it could be concluded that the wife intended to relinquish her interest in this item in favor of her husband; on the contrary, by its express wording, the agreement was with respect to "all claims that each may have against each other for any property, real, personal, or mixed, of the community of acquets and gains as shown on the * * * inventory." It necessarily follows, therefore, that since this item is neither listed as an asset in the community inventory nor mentioned in the partition agreement, the entire amount of $457.90 refunded constitutes an asset of the former community. The defendant, having received his half, has received his full share, and he has no interest in the other half which belongs to his wife.

The second argument is equally without merit. In the case of Smith v. Smith, supra, the husband was contesting the wife's right to alimony, while in the instant case there was no such contest; on the contrary, the husband acquiesced in the judgment awarding alimony by stipulating in the act partitioning the community that the defendant shall pay to his wife, as alimony, the sum of $140 per month, until such time as she should remarry, *as set forth in the judgment of separation* from bed and board.

For the reasons assigned, the judgment appealed from is affirmed.

MOISE, J., takes no part.