JANVIER, Judge.
Plaintiff, Steve D’Asaro, as executor of the estate of Salvatore D’Asaro, brought this suit against Theodore Cotonio, an attorney, who prior to the death of Salvatore D’Asaro, had represented him as attorney at law and who, on the death of Salvatore D’Asaro, had “opened” his succession. Plaintiff prays for judgment for $2,730, alleging that rentals totalling that amount and due to Salvatore D’Asaro or to his estate were collected by Cotonio, who failed to turn them over to plaintiff as executor of the estate of D’Asaro.
To this petition defendant, Theodore Cotonio, filed the -following exceptions: (1) no cause or right of action; (2) that the claim of the executor should have been represented in a suit for an accounting; (3) that the petition was vague. and indefinite; (4) that the claim, if any exists, should be presented in the succession proceedings and not in an independent direct action.
*42 These exceptions were overruled, and defendant then filed answer, admitting that he had collected rents due to D’Asaro or to his estate amounting to $1,778, hut averring that there is due to him from D’Asaro or his esate a total amount of $2,819.16, and defendant, then assuming the position of plaintiff in reconvention, prayed for judgment against the estate of D’Asaro for $1,041.16 as the amount remaining due to him after deducting the amounts admittedly due by Cotonio to the estate of D’Asaro.
When the matter was called for trial in the Civil District Court for the Parish of Orleans, plaintiff offered evidence which showed that between the months of May, 1937, and September, 1947, the defendant had collected rents which had never been accounted for. It was admitted that the defendant had collected rents amounting to $1,778, though it was contended by defendant that no rents had been collected prior to the year 1947.
Counsel for plaintiff objected to any evidence tending to show any indebtedness due by the estate of D’Asaro to Cotonio on the ground that, since it was admitted by Cotonio that he had collected rents amounting to $1,778 and had not accounted for those amounts, there could be no offset or claim in reconvention. Counsel for plaintiff stated his objection as follows:
“I want to object to any testimony in support of any of these items set up in the answer for the reasons already stated in oral argument, for the reason that compensation is not permissible under the circumstances of this case.”
This objection was sustained.
It is shown that, in the succession proceedings of D’Asaro, an account was filed in 1941, and that this shows an indebtedness by the estate to defendant of approximately $800. The succession proceedings are not before us and counsel had no information on the subject, and so far as we can ascertain, this account has never been homologated and apparently remains in the record without homologation or action of any kind.
Since plaintiff-executor produced no evidence which showed an indebtedness by defendant greater than for the amounts admittedly due by him, there was judgment for that amount of $1,778 in favor of the executor and against defendant dismissing the demand for amounts alleged to be due in reconvention, but reserving to the defendant the right to assert his claim in appropriate proceedings.
In his reasons for judgment the District Judge quoted from the admissions made by defendant as follows:
“That deducting the amount of rents collected from May, 1937 to September, 1947, $1,778.00, leaves a balance of debts and charges of $1,041.16 which amount respondent claims in re-convention and now assuming the position of plaintiff in reconvention defendant renews all and singular the allegations hereinabove set forth.”
The matter was appealed to the Supreme Court by Cotonio, and that Court transferred the appeal to this Court, saying that although the amount sued for was $2,730, an indebtedness of $1,778 was admitted and that therefore the amount in dispute was only $952. D’Asaro v. Cotonio, 223 La. 624, 66 So.2d 572.
Appellant insists that, for either of two reasons, the judgment below was erroneous and that he should have been afforded an opportunity to prove his claim in recon-vention.
One of the arguments of counsel for plaintiff that the claim of the defendant, if he has any claim, cannot be set up as an offset or in reconvention is based on his interpretation of Article 2210 of our LSA-Civil Code which provides that:
“Compensation takes place, whatever be the causes of either of the debts, except in case: 1. Of a demand of restitution of a thing of which the owner has been unjustly deprived. * * * ”
*43 Counsel for appellant insists that this article has no application since the demand of the plaintiff is not for the return of a “thing” of which the estate has been unjustly deprived but is for the return of money which has been withheld, and he points out that in Saunier v. Saunier, 217 La. 607, 47 So.2d 19, the Supreme Court held that that article had no application to the withholding of money.
The other contention made on behalf of plaintiff is that, in any event, a creditor of an estate, particularly where that creditor is the attorney who formerly represented the estate, cannot claim compensation or offset against a claim which the estate has against him, and counsel point to Duncan’s Syndics v. Duncan’s Heirs, 14 La. 556, the syllabus of which reads as follows:
“Compensation cannot take place between debts which a party owes an estate, under administration, and those which it owes him. He still retains his interest to make opposition as a creditor, although it may turn out ultimately that he is a debtor for a balance due the estate.”
Because of the rather peculiar facts of that case we are not at all sure that the rule announced there should be made applicable in all cases where a creditor of an estate attempts to use the credit as an offset against the claim by the estate against him. Nor are we at all certain that the Supreme Court, in Saunier v. Saunier, supra, intended to lay down the rule that under no circumstances may a claim for money, which has actually been improperly withheld, be offset by a claim due to the person who has withheld the money. And particularly we are not at all certain that this rule should be applied where it is an attorney who has withheld funds of his client.
To enforce that rule in a situation such as that presented here would do tremendous violence to our views as to the sanctity of the obligation which an attorney owes to his client. We cannot believe that an attorney should be permitted to withhold from his client or his former client’s estate funds which have been in his possession for a period ranging ofrom seven to seventeen years and then, when, brought to bay, present the contention that, the claim against him for these funds,, which have been unjustly withheld and not. even reported, should be offset by claims which he has against the client or the client’s estate.
Furthermore, it is shown, and there is no denial by defendant, that during that period within which he was collecting the rent for the property, the property was sold for delinquent taxes due to the State of Louisiana and also to the City of New Orleans. The executor testified also to this and, when he was asked whether he had not known that the property was sold for taxes, he said that he knew it only after it had been put up for sale, and then he added:
“I knew they put up my daddy’s house for sale, but he was collecting all the money. Why shouldn’t he pay the taxes of these years ?”
The “he” referred to in the above-quoted statements was the defendant, Cotonio.
Our opinion is that the evidence of defendant was inadmissible.
Any claim which the defendant may have against the estate of D’Asaro may be presented in appropriate proceedings as was recognized by the judgment rendered in the District Court.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.