FRUGÉ, Judge.
Plaintiff, Marie B. Bordelon, instituted this suit on October 7, 1964, against her former husband, Lester P. Bordelon, seeking recovery of funds in the amonnt of $1,481.95 alleged to have been paid from her separate estate in satisfaction of debts incurred by Lester P. Bordelon prior to their marriage. Defendant denied that the funds from which his debts had been paid were plaintiff’s separate property and alleged that a community property settlement entered into by the parties after judicial separation released him from the claims now being prosecuted.
The district court, having on first hearing dismissed plaintiff’s suit, granted a new trial and thereafter rendered judgment in favor of plaintiff in the amount of $1,481.95 less a remittance of $50.75. Defendant has appealed.
The parties were married on November 14, 1962. The day after their marriage a joint checking account was opened with the American Bank & Trust Company in Baton Rouge, Louisiana. The total initial deposit was $5,000.00, all of which was derived from the conversion of United States Government bonds acquired by Mrs. Bordelon prior to the marriage. She later deposited an additional $13,231.56 to this account on November 30, 1962, which funds were also derived from bonds owned by her prior to the marriage.
We are here concerned with certain checks drawn by the defendant, Lester P. Bordelon, and paid from this account. The checks were given in payment of obligations incurred by defendant prior to the marriage and were therefore his separate debts. Two of these checks totaling $491.20 were given in payment of the balance due on the purchase price of an automobile bought by the defendant and another check in the amount of $940.00 was given in satisfaction of delinquent alimony owed his former wife.
There is some testimony by defendant in which he indicates that there was included in the account some funds that had been his separate or at least community property. This testimony, however, was weak and ineffectual. Plaintiff denied that there had ever been deposited in the account any funds other than those she had acquired prior to the marriage. The trial judge concluded that the entire amount on deposit was the separate property of plaintiff.
This court recently stated in Succession of Hollier, La.App. 3rd Cir., 158 So.2d 351:
“The law contemplates that where separate funds are mixed or commingled with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to establish what part of the funds belong either to the separate estate or to the community, then all said funds are regarded as belonging to the community. If only a relatively small amount of the deposit is community, however, it will be considered inconsequential and insufficient to constitute commingling, and will not warrant the designation of all such funds as community property. Succession of Land, 212 La. 103, 31 So.2d 609; Abunza v. Olivier, 230 La. 445, 88 So.2d 815; Odom v. Odom, La.App. 2 Cir., 121 So.2d 8; Slater v. Culpepper, 233 La. 1071, 99 So.2d 348; Abraham *139 v. Abraham, 230 La. 78, 87 So.2d 735; Giamanco v. Giamanco, La.App. 3 Cir., 131 So.2d 159.”
We do not believe there was commingling of the funds even to the slightest degree, but even if there was some slight commingling, it was so inconsequential as to have no effect on the separateness of the funds deposited by Mrs. Bordelon. Thus, defendant’s contention that the funds on deposit had lost their separate identity is without merit.
Defendant strongly urges, however, that any claims plaintiff may have had against him were satisfied by the parties entering into the community property settlement. That agreement, signed by the parties on May 11, 1963, subsequent to a judicial separation obtained by Mrs. Bor-delon on April 16, 1963, provides in part:
■“The parties hereto declare that this is a full and final settlement of the community of acquets and gains previously existing between them and do hereby fully release each other from any further claims which either of them may have had arising from the existence of the said community of acquets and gains.”
As part of the settlement plaintiff agreed to and did pay defendant $250.00 in return for the conveyance of all of his interest in the community to her. The agreement refers to an inventory of the community which shows that there existed assets of the appraised value of $16,400.00 and liabilities in the amount of $21,524.16, consisting entirely of debts owed to the separate estate of Mrs. Bordelon arising from the advancing of funds to the community by her. There is no itemization of these debts of the community.
In connection with this community property settlement, counsel for defendant introduced four legal size yellow sheets of paper on which plaintiff had listed various items of expenditures made by her for the benefit of her former husband, defendant herein. On one of these pages plaintiff had listed the items for which she seeks restitution in this suit. Other items listed on these sheets include expenditures made from her separate funds for the benefit of the community.
Counsel for defendant testified that these pages were given to him by Mrs. Bordelon as the time of the signing of the community property agreement and that they were taken into consideration when the agreement was formulated. He stated that when Mrs. Bordelon gave him these pages she indicated that it was her intent that the community property agreement would operate as a release of all debts owed to her by the defendant.
Plaintiff testified that she had no recollection of having given the defendant’s counsel the yellow pages but was rather of the impression that her attorney must have given them to him. She stated that there was no-intent to include in that agreement the debts which are the subject of this suit.
After judicial separation the parties were free to enter into an agreement settling the community of acquets and gains, and the agreement the parties signed on April 16, 1963, by its terms operated as an effective release and settlement of claims arising out -of the existence of the community of acquets and gains. See Mayer v. Hill, Orl. App., 161 So. 208; Saunier v. Saunier, 217 La. 607, 47 So.2d 19.
We believe there was also an intent to encompass in the agreement a release of all of the debts due and payable from the separate estates of the parties. The agreement specifically referred to the liabilities of the community owed to Mrs. Bordelon in the amount of $21,524.16 as reported in the inventory. The yellow pages produced by counsel for defendant list the debts owed by the separate estate of the defendant along with several debts owed by the community to Mrs. Bordelon. In the absence of any evidence that the debts for which recovery is now sought were not included in the total of $21,524.16, there having been *140 no itemization of the debts comprising this total, we are inclined to believe that they were so included in the stated total liabilities. As such they were taken into consideration in formulating the community property settlement.
The entire tenor of the record indicates that Mrs. Bordelon paid defendant the $250.00 so that she could “be rid of him.” In short, the agreement anticipated a final settlement of claims each might have had Upon the other arising from their ill-fated marriage. The agreement was voluntarily entered by the parties, each being represented by counsel, and it should be given its full effect.
We are of the opinion that the district court’s judgment in favor of plaintiff is in error. For the reasons assigned herein, that judgment.is reversed and it is ordered, adjudged and decreed that plaintiff’s suit be dismissed and judgment be entered in favor of defendant. Costs of this appeal, as well as costs of the lower court, shall be paid by plaintiff.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.