GARRISON, Judge.
This is an appeal from judgment of the district court dismissing the plaintiff’s suit on an open account with an outstanding balance of $1,951.39, resulting from the sale and repair costs of an orthodontic x-ray machine. In addition to a general denial, the defendant-purchaser raised the affirmative defense of compensation under C.C.P. Art. 1005, seeking a set-off award, and alleging improper repair on the part of the plaintiff which resulted in destruction of the x-ray machine.
After full trial on the merits, the district court rendered judgment dismissing plaintiff’s suit. The judgment reads as follows:
*1238 “This matter was tried on January 9, 1980. For reasons orally assigned,[1] plaintiff’s suit is dismissed at their costs.
JUDGMENT READ, RENDERED AND SIGNED this 10th day of January, 1980.”
From that judgment, plaintiff appeals alleging that the trial court erred in applying a set-off because the defendant’s claim was an unliquidated debt. Plaintiff argues that in order for set-off to be applied there must exist two separate and distinct liquidated debts of substantially equal value. While plaintiff is substantially correct in that statement of the law, the statement fails to apply to plaintiff’s case. Plaintiff’s action, once confronted with the affirmative defense, was not a liquidated claim, but rather was contested debt.
"... A contested debt ... is not liquidated one ...” 2 Pothier’s Obligations, n. 174.
“When there is contestation on a debt, it is not liquidated ...” Levasseur, Precis in Conventional Obligations, p. 69 (Michie Co. 1980).
See also: Hartley v. Hartley, 349 So.2d 1258 (La.1977); Saunier v. Saunier, 217 La. 607, 47 So.2d 19 (1950).
Both alleged debts were unliquidated until the rendition of judgment in the instant appeal.
On the basis of the contested debt, the plaintiff failed to overcome the burden of proof which re-shifted to him once defendant showed that plaintiff’s repairman was indeed responsible for the damage. We cannot conclude that the trial judge was manifestly erroneous in this factual determination. Arceneaux v. Domingue, 365 So. 1330 (La., 1978).
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

. No written or oral reasons for judgment were provided.