# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 15-117

MARILYN WILLIAMS HEDLESKY

VERSUS

STEVEN HEDLESKY

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-4392, DIVISION "C"
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Oliver "Jackson" Schrumpf
Law Office of Oliver "Jackson" Schrumpf
and Charles Schrumpf, (A PLC)
3801 Maplewood Drive
Sulphur, Louisiana 70663
(337) 625-9077
COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Marilyn Williams Hedlesky**

**B. Thomas Shea**
**Walter M. Sanchez**
**The Sanchez Law Firm, L.L.C.**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, Louisiana 70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Steven Hedlesky**

**GENOVESE, Judge.**

In this domestic proceeding, Plaintiff, Marilyn Williams Hedlesky (Ms. Williams), appeals the trial court's judgment dismissing her Rule for Contempt against her former spouse, Defendant, Steven Hedlesky (Dr. Hedlesky) for non-payment of child support. For the reasons that follow, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ms. Williams and Dr. Hedlesky were married on January 15, 1998. Subsequent to their marriage, Dr. Hedlesky adopted two of Ms. Williams's children from a prior marriage, neither of which are the subject of this contempt proceeding. Thereafter, only one child was born of their marriage, Emily Hedlesky, who is presently sixteen years of age. Ms. Williams and Dr. Hedlesky divorced, and Dr. Hedlesky's child support obligation for Emily was fixed at $3,761.00 per month, beginning September 25, 2010. This child support obligation was the subject of an Income Assignment Order of February 13, 2014.

After litigation over the division of their community property, a partition judgment was rendered on December 3, 2013. A by-product of that community property judgment was judgment in favor of Dr. Hedlesky against Ms. Williams for $263,485.10.

The facts in this case are not in dispute. Beginning March 27, 2014, Dr. Hedlesky began reducing his child support payments on the grounds that he was entitled to offset his child support obligation to Emily with the amount owed to him by Ms. Williams pursuant to the partition judgment. Dr. Hedlesky paid $1,000.00 in child support for March and April 2014. For May 2014, Dr. Hedlesky paid the full child support obligation of $3,761.00, due to Ms. Williams's then

pending bankruptcy proceedings. Dr. Hedlesky made no further child support payments thereafter. On July 15, 2014, Ms. Williams filed a Rule for Contempt due to Dr. Hedlesky's failure to pay child support for Emily.

Ms. Williams's Rule for Contempt was considered by the hearing officer on September 16, 2014. For reasons provided on September 29, 2014, the hearing officer denied Ms. Williams's Rule for Contempt. Ms. Williams's appealed the hearing officer's decision. Following a hearing on October 30, 2014, the trial court made the recommendation of the hearing officer the judgment of the court on November 5, 2014. From said judgment, Ms. Williams appeals.

## ASSIGNMENTS OF ERROR

Ms. Williams presents the following assignments of error for our review:

1. The trial court erred in failing to hold Dr. Hedlesky in contempt, thereby condoning "self-help" to terminate or offset child support obligations.

2. The trial court over[-]extended and misinterpreted the 1950 case of [*Saunier v. Saunier*, 47 So.2d 19 (La.1950)], because [*Saunier*] allowed only a partial offset of the portion of the support (combined **spousal** and **child support**) to be taken or offset by the obligor spouse; [*Saunier*] did not authorize the taking of 100% of the child support to offset a community property claim.

3. The trial court erred in failing to apply affirmative, remedial legislation that strictly prohibits "self-help" and strongly opposes taking child support to pay debts of one spouse to another, without holding a hearing to determine whether or how much of an offset can be applied.

4. The result is inequitable, taking the child support from a [fifteen-year-old] (now [sixteen-year-old]) child to pay a claim allegedly owed to a spouse earning $600,000[.00] per year in order to partially offset a community property claim.

5. The trial court failed to consider and apply recent legislation that would change the result in [*Saunier*].

## LAW AND DISCUSSION

Although broken down into five individual assignments of error, Ms. Williams summarizes her argument to this court as follows:

> Self-help is not authorized in stopping child support payments. Even the cases cited by defendant, though ancient and preceding modern child support statutes, did not authorize a 100% offset of child support to enforce a community property claim the obligor spouse has against his former spouse for a community property equalization payment. Modern statutes put a priority on protecting child support. The lower court has abused its discretion in permitting the self-help of Dr. Hedlesky stopping 100% of the child support and in failing to punish his contemptuous act of stopping child support without first involving a judicial proceeding.

We agree with Ms. Williams.

The hearing officer reached what he termed "[t]his unsavory result" by concluding that the decision of our supreme court in *Saunier v. Saunier*, 47 So.2d 19 (La.1950), was controlling and in Dr. Hedlesky's favor. We have considered *Saunier* and find it to be distinguishable from the instant case. Further, there have been subsequent statutory and jurisprudential developments since 1950 that lead us to a different conclusion.

In *Saunier*, a husband was ordered to pay a total of $200.00 per month in alimony and child support. He later reduced his payment to $150.00 contending that the debt of his wife, arising from their community property agreement, allowed compensation to occur such that the amounts could be offset. The wife filed a rule for contempt. The supreme court considered whether the wife's debt could "be pleaded in compensation of the judgment which condemned him to pay alimony." *Id.* at 22. The court noted that the underlying judgment failed to allocate "how much of the amount of $200[.00] a month is allotted to the support of the two minor children, and how much to the wife[,]" but did not find that to

3

"make any difference for the judgment is one in her favor[,] and the money is to be spent in [sic] her for the support of both herself and the children." *Id.* After finding the debts to be "liquidated and demandable[,]"[1] the supreme court next considered whether the minor children were "third persons" in order to preclude compensation by the husband due to resultant prejudice to the children.[2] On this issue, the court stated:

> [I]t is contended that compensation cannot take place because it would lead to the prejudice of the two minor children in whose favor, as well as plaintiff's, the judgment of alimony was rendered, and article 2215 of the Civil Code specifically provides that compensation cannot take place to the prejudice of the rights acquired by a third person. Whilst it is true that the amount awarded by the judgment of alimony in the sum of $200[.00] payable each month is for the maintenance and support of both the plaintiff and the two minor children[,] it is nevertheless a judgment in plaintiff's favor, the amount awarded to be used by her for the joint support of them all. With relation to her and to the judgment awarded in her favor in such manner, the two children are not third persons within the meaning and contemplation of the article of the Code relied on.

*Id.* at 23. Thus, it was the holding of the supreme court in *Saunier* that the husband was not in contempt of court for pleading compensation and reducing, **in part**, the amount of his joint alimony **and** child support obligation to offset a debt owed to him by the wife.

We find *Saunier* to be factually distinguishable. The judgment underlying the offset in *Saunier* was a judgment in favor of the wife. In this case, the underlying judgment is in favor of the minor child, Emily. Additionally, the judgment in *Saunier* was an in globo award comprising both alimony and child

---

[1]Then La.Civ.Code art. 2209 provided: "Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

[2]The supreme court cited former La.Civ.Code art. 2215, recognizing that it "specifically provides that compensation cannot take place to the prejudice of the rights acquired by a third person." *Saunier*, 47 So.2d at 23.

4

support. In this case, the judgment is solely for child support. Lastly, the offset taken in *Saunier* was only partial and resulted in a reduction of child support payments.[3] In this case, the offset taken was for the total amount of the child support obligation, thereby eliminating it entirely. For these reasons, we do not find *Saunier* to be controlling herein.

Additionally, we do not find such an expansive application of *Saunier* to be proper. Certainly, *Saunier* has been subsequently cited in the jurisprudence and relied upon in support of the right of compensation;[4] however, in none of those cases was a parent allowed to offset a child support obligation. In our opinion, the distinction between the utilization of the right of compensation to offset a judgment of alimony and/or a community property partition and its use for the purpose of eliminating a child support obligation is critical. In the first instance, where compensation has been held to be permissible, it involved rights of the former spouse. In the latter instance, where we find compensation to be impermissible, it involves the rights of the minor child. This is a critical distinction mandating a different result.

The supreme court decision of *Saunier* relied upon by the hearing officer and the trial court was also decided sixty-five years ago. Although we agree that it has not been legislatively or jurisprudentially overruled expressly, it has also not been cited since 1983.[5] Moreover, extensive legislative developments have

---

[3]Arguably, the offset taken was only in proportion to the alimony portion of the underlying judgment. Regardless, it was not a 100% offset of the entirety of a child support obligation.

[4]The language of the supreme court in *Saunier* has been cited relative to the law on compensation and what constitutes a liquidated debt.

[5]In *Massie v. Massie*, 436 So.2d 739, 743 (La.App. 3 Cir. 1983), this court considered *Saunier* and found that the wife's debt was "definitely not 'equally liquidated and

occurred in the interim,[6] and the jurisprudence interpreting same clearly protects the rights of the minor child. These pertinent statutes, some mandatory in nature, require judicial intervention before a reduction in child support is taken.

Specifically, La.R.S. 9:311 is germane to our consideration herein. Louisiana Revised Statutes 9:311(A)(1) expressly provides: "An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." Further, absent certain circumstances, La.R.S. 9:315.14 provides a mandatory minimum amount of child support of $100.00.

While the jurisprudence does allow for out-of-court modifications to a child support obligation, it must be by agreement of the parties; and, the maintenance and support of the child must be maintained. The legal duty of a parent arises not from marriage, but from paternity/maternity, and that duty is a legal duty owed to the child. *See Dubroc v. Dubroc*, 388 So.2d 377 (La.1980).

Moreover, the ability of a parent to unilaterally reduce child support obligations, or to engage in "self-help," has been considered by the courts. In *Guidry v. Guidry*, 535 So.2d 1272, 1274 (La.App. 3 Cir. 1988) (emphasis added), this court stated:

> In *Dubroc v. Dubroc*, 388 So.2d 377, 378-379 (La.1980), the Louisiana Supreme Court commented on its decision in *Halcomb*[ *v. Halcomb*, 352 So.2d 1013 (La.1977)], as follows:

---

demandable[;]'" thus, compensation was "not available in these proceedings to offset or reduce the debt owed by [the husband] for past due alimony."

[6]Ms. Williams refers this court to the provisions of La.R.S. 9:315, La.R.S. 9:315.30, La.R.S. 9:311, and La.R.S. 9:315.14, as examples.

"In *Halcomb* we held that a husband could not unilaterally reduce his child support payments by a proportionate amount because one of several children has reached the age of majority. The wife's failure to complain during the six years between the custody decree and her rule to make past due child support executory was of no moment, for under settled law, the wife's mere acquiescence in the husband's failure to pay the full amount of support does not amount to a waiver. *Pisciotto v. Crucia*, 224 La. 862, 71 So.2d 226 (1954); *Gehrkin v. Gehrkin*, 216 La. 950, 45 So.2d 89 (1950); *Snow v. Snow*, 188 La. 660, 177 So. 793 (1937). We stated in *Halcomb*,

> 'Reduction of or discharge from a judgment condemning one to pay alimony must . . . be sued for by the party against whom the judgment was rendered. . . . In the absence of such suit, however, the judgment cannot be altered or modified . . . except in certain instances where the award is terminated by operation of law. An example of an automatic revocation of alimony is when an award in favor of a wife is revoked when she remarries." La.C.C. art. 160.

Our *Halcomb* opinion, though it dealt specifically with unilateral action by the husband to reduce his child support payments, may be read to apply to all cases in which the parties attempt to change the support award out of court.

*Halcomb* and the cases upon which *Halcomb* relies (e.g., *Pisciotto*, *supra* ) **rest on a strong policy in the area of child custody judgments to safeguard the sanctity of judgments and the orderly processes of law, and to prevent husbands from invoking 'self-help.'** It is an effort by the courts to prevent overreaching by husbands compelled to pay estranged wives support for their children. The cases have interpreted Civil Code Article 232 to require this result, namely, to require parties to resort to the courts for any alteration in a custody decree."

The foregoing premise was reiterated by this court more recently in

*McDaniel v. McDaniel*, 03-1763 (La.App. 3 Cir. 5/19/04), 878 So.2d 686, where

this court found a husband in contempt of court for unilaterally decreasing his child support payments. In *McDaniel*, the husband argued that his former wife had tacitly agreed to a reduction in child support by accepting less than had been awarded by the court. This court affirmed the trial court's judgment finding the actions of the husband to be contemptuous, stating as follows:

> **The general rule in Louisiana is that an alimony or child support judgment remains in effect until it is modified or terminated by the court.** *Halcomb v. Halcomb*, 352 So.2d 1013 (La.1977). **"The law does not want to encourage those owing alimony or child support to become involved in 'self-help' by making their own determinations as to when they have satisfied their alimony or child support obligations by some method other than payment in accordance with the court order."** *Mizell v. Mizell*, 37,004, p. 7 (La.App. 2 Cir. 3/7/03), 839 So.2d 1222, 1227. (citations omitted). The only exception to this general rule is where the evidence shows that the parties have clearly agreed to waive or otherwise modify the court-ordered payments. *Id.* More importantly, mere acquiescence in the obligor's failure to pay the full amount of support is not a waiver. *Weldon v. Weldon*, 98-1173 (La.App. 3 Cir. 2/3/99), 737 So.2d 812. Not only did Dana not acquiesce in Richard's failure to pay the full amount to which she was entitled, she brought legal action to remedy the situation. Thus, the trial court's judgment that Richard is in contempt of court for his failure to pay the full amount of his child support obligation is not erroneous.

*Id.* at 690-91 (emphasis added).

In conclusion, we find *Saunier* to be factually distinguishable from the case at bar, and the trial court legally erred in relying on same. In so concluding, we also note that even in *Saunier*, a 100% offset of a child support obligation was not allowed. Additionally, we find that the subsequent statutory and jurisprudential authority is clearly aimed at protecting a minor child. Generally, a modification of a child support award requires a judicial determination to determine if it is legally warranted and, if so, in what amount. Although in some instances the parents may agree to a modification, the unilateral action of one parent engaging in self-help is not allowed under our law. Finally, such actions taken in contravention of a court

8

order breed contempt. For the foregoing reasons, we find that the trial court legally erred in its application of *Saunier*; therefore, we reverse the judgment of the trial court. Additionally, because the record was not developed on the issue of contempt, we remand this matter for the issue of contempt to be addressed and decided by the trial court.

## DECREE

For the reasons assigned, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings in accordance with this court's ruling. Costs of this appeal are assessed to Steven Hedlesky.

**REVERSED AND REMANDED.**

9