336 So.2d 291 (1976)
Hazel Carr HARTLEY
v.
John A. HARTLEY.
No. 10791.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
Writ Refused November 16, 1976.
James D. Thomas, II, Baton Rouge, for appellant.
Walton J. Barnes, Baton Rouge, for appellee.
*292 Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is a devolutive appeal from a judgment on a rule to fix alimony pendente lite, an award for child support and for injunctive relief in a suit for divorce or, alternatively, a judicial separation, brought by the wife, Hazel Carr Hartley, against her husband, John A. Hartley. The judgment overruled the exceptions of lis pendens and improper venue which were filed by the defendant husband, awarded to the plaintiff wife, as alimony pendente lite, the sum of $1,070.00 per month and $148.88 per month for payment of the mortgage note, plus the sum of $300.00 per month for the wife to use to pay off debts incurred by her prior to the judgment, and assigned to the plaintiff wife their home for habitation pending the lawsuit. The court purportedly denied any award for child support; the requested support was for Debbie Hartley, a college student who is of the full age of majority. The court also enjoined the defendant from bothering the plaintiff and from disposing of the community property, with notice of said injunctive relief to defendant's employer. We amend and affirm.
The facts show that these parties were married in Mississippi in 1950. There were three children born of the marriage, all of whom have now reached the age of majority. In 1960 the Hartleys moved to St. Tammany Parish, Louisiana, where they purchased a home, and later purchased other real estate. It is not disputed that the Hartleys established their matrimonial domicile in that parish. This was their domicile when Mr. Hartley was transferred to Europe by his employer in 1971. The Hartleys moved to Norway first, and then to Scotland. In August, 1973, Mr. Hartley became involved with his secretary and compelled Mrs. Hartley to leave the European residence and return to the United States.
Upon their transfer to Europe, the Hartleys had leased their St. Tammany Parish home, which lease was to run until November, 1975. Therefore, upon her return to the United States, Mrs. Hartley had to live with relatives in Mississippi, and then in Baton Rouge, Louisiana. While in Baton Rouge, she filed for divorce in East Baton Rouge Parish. Upon learning that her husband was in St. Tammany Parish, she filed a petition for divorce in the Twenty-Second Judicial District Court and obtained personal service upon the defendant. A rule nisi was issued pursuant to the petition, the preservation of the community property and the award of alimony and support pendente lite being the principal objects of the rule.
When the rule came on for hearing, defendant filed exceptions of improper venue and lis pendens. The suit in East Baton Rouge having been dismissed, there is no merit in the exception of lis pendens, and it is not argued on this appeal. The exception to the venue was argued and overruled by the trial judge, who remarked:
"With respect to the exception to the venue of this Court, this Court finds that the parties were domiciled in St. Tammany Parish, Louisiana; that the last matrimonial domicile was in Slidell, St. Tammany Parish, Louisiana; that the man's work temporarily caused his location in Europe."
The court then made its alimony awards and granted the requested injunctive relief. The defendant asked for a new trial, which was denied, whereupon the defendant perfected this appeal.
Appellant contends that the non-waivable venue of LSA-C.C.P. art. 3941 was not present in the instant case, so that the trial court erred in overruling his exception to the venue.
The pertinent venue provision, LSA-C.C.P. art. 3941, states:
"An action for an annulment of marriage, for a separation from bed and *293 board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
"The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity."
The trial court determined that the last matrimonial domicile was in St. Tammany Parish. The facts support this determination. Mr. and Mrs. Hartley purchased a home in Slidell, St. Tammany Parish, Louisiana, as stated above. They lived there as husband and wife for about eleven years, when the husband was transferred by his employer to work temporarily in Europe. In August, 1973, Mrs. Hartley was compelled to leave the European residence and return to this country. Because her husband refused to support her, Mrs. Hartley was obliged to live with relatives in various places in Mississippi and Louisiana. At the time the suit was instituted in St. Tammany Parish, she was staying in East Baton Rouge Parish.
These facts clearly show that the European sojourn was due to temporary work in the oil industry overseas. Such a sojourn does not constitute a change of domicile. See LSA-C.C. arts. 38, 41. Under these codal articles, the last matrimonial domicile of these parties is St. Tammany Parish, as the trial court held.
In Puissegur v. Puissegur, 220 So.2d 547 (La.App., 4th Cir. 1969), writ refused, 254 La. 285, 223 So.2d 409, the court found that an employee who had been transferred to Europe by his employer retained his Orleans Parish domicile, considering the employee temporarily working in Europe for the convenience of the employer. There was no evidence showing that the employee intended to make his residence in England his home, "the place of his principal establishment."
The court in Puissegur said, at page 550:
"We are of the opinion that in the case before us the evidence as stated above does establish that although the defendant has acquired a temporary residence in England his actions indicate that he has not done so with the intention of making that residence his home; the place of his principal establishment."
The court went on to hold that a temporary residence established by an employee in connection with employment, which requires living away from home for the convenience of the employer is not the domicile of the employee. Such is the case here. Mr. Hartley moved to Europe solely for the convenience of his employer for the definite term of an employment contract. The implication is strong that Mr. Hartley will return to St. Tammany Parish at the end of his tour of duty.
In the instant case the defendant chose not to appear as a witness, and the record is barren of any evidence showing a change of domicile, either by the husband, or the wife, or together, from St. Tammany Parish. We need only say that matrimonial domicile is not, like a man's fancy, a fleeting thing; the law has endowed this concept with more substantial stuff.
There is no basis for objection to the jurisdictional venue of the trial court, and the court quite properly overruled the exception.
Next, the appellant complains about the amount of the awards of alimony pendente lite.
There can be no question but what this kind of alimony is to be fixed according to the needs of the wife and the means of the husband. LSA-C.C. art. 148; Boling v. Boling, 229 So.2d 423, 426 (La.App., 3rd Cir. 1969), states:
"Alimony for the wife is based on her need and the husband's means. LSA-C.C. *294 Article 148. The need must be proven and the alimony must be fair and just to each."
The facts show that the husband has an annual income well in excess of $40,000.00. Further, his employer holds funds belonging to him amounting to more than $50,000.00. The uncontradicted testimony shows that when Mrs. Hartley returned to the United States she had no food, no money and no transportation. Her husband had not sent her any money whatsoever from the date of separation, August 16, 1973, until the date of trial of the rule on October 28, 1974. The wife has little, or no income, on which she can depend. Further, the trial court has great discretion in these matters; Boling v. Boling, supra; Fuori v. Fuori, 316 So.2d 803 (La.App. 1 Cir. 1975). However, we cannot allow the amount awarded to stand.
Under Civil Code article 148, the amount to be awarded is, inter alia, that needed for her maintenance. The plaintiff testified that she and her daughter need $300.00 per month for food and household expenses and that she needs $130.00 per month for school and lunches. Obviously, the latter amount is for the daughter and we think it reasonable to assume that one-half of the former amount is likewise for her. Because of the fact that the daughter is of the full age of majority, the wife is not the proper plaintiff to prosecute an action for her support; Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). We are of the opinion that the trial judge also erred in awarding the appellee $200.00 per month for rent while simultaneously assigning to her the family home for her habitation. Further, while the wife might well have incurred certain obligations needed to support herself, the debts were incurred prior to the suit for separation and constitute community obligations; Civil Code article 2403; Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1973). At this stage of the proceeding, it is not proper to allow her $300.00 per month to liquidate them. Therefore, we feel that the proper monthly award should be:

 $150.00 - food and household expenses
 150.00 - medical and dental expenses
 100.00 - utilities
 65.00 - laundry
 80.00 - personal grooming
 _______
 $545.00

In addition thereto, the husband should pay the mortgage affecting the home.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from is affirmed to award Hazel Carr Hartley $545.00 per month alimony pendente lite. In addition, John A. Hartley is ordered to make the monthly mortgage payments on the home. Those portions of the judgment relating to injunctive relief and the assignment of the family home to the wife are affirmed.
In the exercise of our discretion, the costs of the appeal are assessed against the appellant.
AMENDED AND AFFIRMED.