341 So.2d 1257 (1976)
Hazel Carr HARTLEY
v.
John A. HARTLEY.
No. 11050.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Writ Granted March 25, 1977.
*1258 Walton J. Barnes, Baton Rouge, for plaintiff-appellee.
James D. Thomas, II, Baton Rouge, for defendant-appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a rule for contempt for the failure to pay alimony and for a judgment making past due alimony executory. From a judgment in favor of plaintiff fixing the amount of unpaid alimony in the sum of $22,783.20, making same executory, and dismissing the contempt rule, the defendant has appealed.
On October 28, 1974, judgment was rendered by the Trial Court in favor of plaintiff and against the defendant awarding the plaintiff alimony pendente lite in the amount of $1,070.00 per month plus the sum of $148.80 for the payment of the mortgage on the family home and the additional sum of $300.00 for payment of debts incurred before the judgment. In December, 1975, plaintiff filed this rule for contempt as well as asking for an executory judgment for past due alimony contending that the defendant had paid nothing under the October 28th judgment.
*1259 In appealing the defendant-appellant contends the Trial Judge erred in:
(1) Refusing to allow defendant to cross-examine plaintiff in rule concerning her testimony relative to the salary of defendant at the hearing on October 28, 1974, and to offer into evidence copies of defendant's wage statement (W-2 form) for 1974 showing his total income to be $28,915.45;
(2) Refusing to allow defendant to cross-examine plaintiff with reference to the $16,323.08 which Mrs. Hartley withdrew from a community account and which Mrs. Hartley may or may not have had within her control and possession on January 23, 1976;
(3) Making executory a judgment between husband and wife where there has been no judicial separation or divorce between the parties; and
(4) Failing to nullify the judgment rendered against John A. Hartley on October 28, 1974, because of fraud and ill-practice of plaintiff, Hazel Carr Hartley.
The October 28, 1974, judgment fixing alimony pendente lite was appealed to this Court and at 336 So.2d 291 this judgment was reduced to $545.00 per month with the provision that the defendant make the mortgage payments on the family home. Writs were applied for by the wife and have been refused by the Supreme Court.
In support of his first specification of error, defendant-appellant cites Johnson v. Jones-Journet, 320 So.2d 533 (La.1975). Here the plaintiff had obtained a judgment against several defendants on a promissory note. When the plaintiff attempted to examine one of the defendants, as judgment debtor in aid of the execution of the judgment, the judgment debtor filed a motion to annul and in the alternative modify the judgment on the grounds that the judgment was in solido when it should have been joint. The Supreme Court determined that liability should have been joint rather than in solido, but then proceeded to determine whether this was fraud or ill-practice. Defendant-appellant contends that since the Supreme Court determined whether it was fraud or ill-practice, it is only logical to reason that the defense by the judgment debtor was proper rather than been required to institute a separate proceeding to annul the judgment.
We do not agree that Johnson v. Jones-Journet, supra, is controlling. The basis of defendant-appellant's argument is that his wife gave false information as to his salary. Defendant had the opportunity in the Trial Court to counter any testimony his wife gave. His failure to do so cannot now be used in an attempt to have that judgment annulled.
Further, it was apparent to this Court that defendant-appellant had apparently abandoned this specification of error inasmuch as this Court had already reduced the alimony awarded his wife by our earlier decision at 336 So.2d 291, though writs by the wife were still pending at the time of oral argument. Therefore, we find no error on the part of the Trial Judge.
Under the authority of LSA-C.C.P. Art. 2164, because of the judgment of this Court in reducing the alimony award to $545.00 per month with the defendant making the monthly payments on the home, the judgment of the Trial Court awarding arrearages must be reduced. The Trial Court judgment was for 15 months at $1,518.88 per month or a total of $22,783.20. This award, therefore, must be reduced to 15 months at $545.00 per month or a total of $8,175.00.
The defendant-appellant next contends that the Trial Judge was in error in disallowing cross-examination as to community funds the plaintiff wife withdrew from a joint bank account. The Trial Judge was in error, for we so held in Nelson v. Nelson, 311 So.2d 268 (La.App. 1st Cir. 1974) that the husband is entitled to a credit of one-half of the community funds in the control of the wife at or near the time of the separation. There is testimony in the record that convinces us that the plaintiff wife removed $16,000.00 from a community account and placed it in an account her *1260 husband had no access to. There is no contention that this was not community funds. Therefore, the defendant-appellant is entitled to a credit of one-half of these funds or $8,000.00.
Thirdly, defendant-appellant contends that a wife cannot sue her husband to make past due alimony executory prior to a judgment of separation, citing LSA-R.S. 9:291 which provides:
"As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce."
Defendant-appellant has cited no jurisprudence for this novel theory, and neither have we found any. We know of no rule that would stop a wife from suing her husband for alimony arrearages and having same made executory. She is specifically authorized to sue for a separation or divorce and an award of alimony is an incident to such a suit, and therefore, we now hold that the same would be true for a suit to make past due alimony executory. Otherwise, an award of alimony would have no meaning, and could not be enforced until after a judgment of separation.
Appellant's fourth specification of error being so similar to his first specification of error is disposed of for the same reasons as assigned above.
For the above and foregoing reasons the judgment of the Trial Court is amended by reducing the award for unpaid alimony to the amount of $8,175.00 and granting to defendant-appellant a credit against said award of $8,000.00; therefore, IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff-appellee and against defendant-appellant in the amount of $175.00, and that all costs of these proceedings be paid by plaintiff-appellee.
AMENDED, AND AS AMENDED AFFIRMED.