400 So.2d 1120 (1981)
Shirley R. THOMAS
v.
Andrew THOMAS, Jr.
No. 13990.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1121 Arnold J. Gibbs, Baton Rouge, counsel for plaintiff-appellant Shirley R. Thomas.
Alfred C. Williams, Baton Rouge, counsel for defendant-appellee, Andrew Thomas, Jr.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The issues presented herein are whether or not the trial court acted properly in allowing the defendant-appellee a credit on his past due child support and in reducing a fee awarded plaintiff's attorney from $850.00 to $350.00. We find the court should not have allowed the credit but hold the reduction of the fee to be within the discretion of the court. We therefore reverse in part and affirm in part.
Plaintiff Shirley Thomas filed suit against defendant Andrew Thomas on May 30, 1979, seeking a divorce based on adultery. By virtue of an interlocutory judgment rendered June 22, 1979, Mrs. Thomas was granted custody of the two minor children and Mr. Thomas was ordered to pay $300.00 monthly child support. The child support payments were to be paid in installments of $150.00 each, the first of such payments being due on June 27, 1979. Defendant paid one installment of $600.00 on June 27, 1979 and made no further payments. A preliminary injunction was also issued, forbidding defendant from disposing of community property and from harming or harassing plaintiff.
In March of 1980 plaintiff filed a rule nisi, seeking to have defendant declared in contempt of court for violation of the preliminary injunction and also seeking judgment making the past due child support executory. Judgment on the rule was rendered May 1, 1980. Defendant was found in contempt of court because of the physical harm he inflicted upon plaintiff and was sentenced to serve 120 days in the parish jail. The judgment also ordered defendant to pay $2,400.00 for past due child support and $850.00 representing the fee of plaintiff's attorney.
Defendant subsequently filed a request for a partial new trial, alleging he should be given a credit of $1,000.00 on his arrearages, such sum representing community funds plaintiff had in her credit union account at the time the suit for divorce was filed. The court rendered a new judgment on June 18, *1122 1980,[1] which granted defendant the credit, (thereby reducing the amount owed to $1,400.00) and reduced the attorney's fee to $350.00. From this judgment plaintiff appeals.
Plaintiff argues the court erred in allowing defendant the credit because this money was deducted from her paycheck while she lived separate and apart from her husband. Such funds were classified as separate property under La.Civ.Code art. 2334 (repealed in 1979). If plaintiff had in fact proven the money was her separate property her argument would have raised questions about which law should be applied to the case, the "old law" (Book III, Title VI as it existed before the 1979 revision) or the "new law" (Acts 1979, No. 709). We need not reach a conclusion on this issue however, because plaintiff failed to prove the funds were her separate property. There was no testimony or other evidence to show on what dates the money was deducted from her paycheck. Since this information is necessary in order to characterize the money as her separate property, plaintiff clearly failed to establish the nature of the funds. Property possessed by either spouse during the existence of the community is presumed to be community property. This is true under the revised law (La.Civ. Code art. 2340) and under the pre-1979 law (La.Civ.Code art. 2405). Therefore, for purposes of this opinion, we assume the property was community property.
Defendant relies on the case of Nelson v. Nelson, 318 So.2d 68 (La.App. 1st Cir. 1975), on rehearing, for the proposition that the husband should be granted a credit for the full amount of the property held by the wife. In the original Nelson opinion (311 So.2d 268, 1974) this court held that since the property had not been proven to be the wife's separate property, it was presumed community and therefore the husband was entitled to a credit of one-half its value. This court reversed itself on rehearing as to the amount of credit due. The court reasoned that to designate the funds as community and grant a credit of one-half to the husband was a method of effecting a partition of the community property, a subject which is under the jurisdiction of the District Court rather than the Family Court.[2] On rehearing, the court stated that unless the property was shown to be the separate property of the wife (in which case the husband would not be entitled to any credit) the husband should be given credit for the entire amount. The court reasoned that if the wife had not held the funds, the husband could have used the entire amount to pay his child support obligation. Any claims the wife may have had to the funds would have to be settled in the court having jurisdiction over the community partition.
After carefully researching the matter we conclude new law has evolved since our decision in Nelson. In Hartley v. Hartley, 349 So.2d 1258 (La.1977), the court was presented with a situation similar to the case at hand. A judgment was rendered against the defendant husband ordering him to pay a specified sum for his past due alimony. He sought a credit in the amount of certain funds the wife had transferred from their joint account to an account in the name of their daughter. The wife admitted part of the funds were used for her own living expenses after they separated. This appellate court had granted the husband a credit for one-half the sum, citing the original Nelson opinion. Hartley v. Hartley, 341 So.2d 1257 (La.App. 1st Cir. 1977), writ granted 1977. The Supreme Court reversed, distinguished Nelson on the facts, but disapproved of the reasoning in Nelson.
*1123 The court noted the defendant husband was seeking a "set off" or "compensation" of his debt. A set-off requires the "contemporaneous existence of distinct debts, each equally liquidated and demandable." The court concluded the debt of the defendant husband was not a liquidated claim, and reasoned as follows:
"In the case at hand the best that can be said of Mr. Hartley's position is that he has a potential claim against his wife for community funds, a claim very likely to be contested, and one which should properly be determined in a partition of community property." 349 So.2d 1258, 1261.
The court concluded that when the debt of the plaintiff wife was compared to the debt of the defendant husband (the executory judgment) the two were not "equally liquidated and demandable"; therefore set off was not applicable. The Hartley decision has been followed recently by various appellate courts. See Castille v. Castille, 358 So.2d 1002 (La.App. 3d Cir. 1978) and Dees v. Dees, 382 So.2d 1057 (La.App. 2d Cir. 1980).
As in Hartley, it is clear that in this case any claim defendant has against plaintiff for his share of the community funds is only a potential claim and should be settled in the community property partition. The Family Court has no jurisdiction over such matters and therefore should not have allowed the set-off.
We find no abuse of discretion in the trial court's reduction of the attorney's fee to $350.00. It must be noted the matter litigated was heard on a rule to show cause, rather than at a complete trial. The fee is to compensate the attorney for his time relative to the rule, and is in addition to the $1,250.00 awarded in the judgment rendered on the merits.
For the foregoing reasons, the judgment appealed is reversed insofar as it granted defendant a credit of $1,000.00 on the executory child support award and it is affirmed insofar as it reduced the amount of the attorney's fee. Costs are to be borne equally by the parties.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Meanwhile plaintiff was granted a judgment of divorce on June 11, 1980. The judgment ordered defendant to pay $200.00 a month for child support and contained a permanent injunction against defendant alienating any community property or from harassing plaintiff. Each party was awarded attorney's fees of $1,250.00, to be paid out of the mass of the community.
[2] At the time Nelson was decided the authority for community property partitions being under the jurisdiction of the District Court, rather than the Family Court, was found in La.Const. art. VII § 53. This same jurisdictional guideline is now found in La.R.S. 13:1401(7).