283 So.2d 846 (1973)
Ruby Broaddus CUMPTON, Plaintiff-Appellant,
v.
Charles Ferrand CUMPTON, Defendant-Appellee.
No. 12130.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
*847 Jones, Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellant.
Ellis & Ellis by Carey J. Ellis, Jr., Rayville, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
En Banc Rehearing Denied October 10, 1973.
PRICE, Judge.
This is an appeal by Ruby Broaddus Cumpton from an adverse judgment on a rule brought by her seeking to have an alleged arrearage on a judgment for alimony pendente lite made executory, and requesting that her husband, Charles Ferrand Cumpton, be adjudged in contempt of court for his failure to comply with the judgment.
The sequence of events which are pertinent to the issue presented on this appeal are as follows: On April 17, 1972, Mrs. Cumpton filed an action for a separation from bed and board from her husband and a rule for alimony pendente lite. In response to the rule for alimony, a hearing was held on June 26, 1972, resulting in the rendition of a judgment on this date ordering defendant to pay the sum of $350 per month to plaintiff. This judgment does not specify when alimony payments shall begin. On November 16, 1972, plaintiff filed the subject rule and alleged as of that date the total amount of alimony payable under the judgment is $2,800 and of this amount defendant has only paid $699.98, leaving him $2,100.02 in arrears.
Plaintiff's calculation is based on a beginning date for payment of alimony of April 17, 1972 (the date of judicial demand). Defendant in responsive pleadings contends this is an erroneous conclusion on her part as the judgment ordering him to pay does not specify a beginning date, thus the effective date should be the date of rendition of judgment, June 26, 1972. Under this formula, the total sum accruing on November 16, 1972, would be $1,633.10 as opposed to $2,800 asserted by plaintiff.
Defendant further contends he is entitled to credits in an amount when added to the $699.98 admittedly paid by him, exceed the total sum accrued under the judgment.
The alleged credits consist of three items: (1) a withdrawal by plaintiff on April 3, 1972, after her separation but prior to filing her suit on April 17, 1972, from a community savings account of $1,800; (2) a second withdrawal from a checking account in plaintiff's name on April 10, 1972, of $394, which funds were also community in nature and have been converted to plaintiff's own use; and (3) $295.50 is alleged to have been charged by plaintiff for long distance telephone calls on defendant's credit card after the date of separation.
After trial of the rule, the court concluded the effective date for alimony payments to begin was the date of rendition of judgment, June 26, 1972, and that defendant was entitled to credit for at least one-half of the amounts of the community funds allegedly converted by plaintiff to her own use, and when this credit is added to payments of $699.98, exceeds the sum owing under the judgment, and thus absolves defendant from any default in his obligation.
On appeal plaintiff takes issue with the conclusion of the trial judge that the effective beginning date of alimony payments under the judgment rendered June 26, 1972, was the date of rendition rather than the date of judicial demand, and the court's allowing defendant credit on the alimony accrued in an amount equal to one-half of the funds withdrawn by Mrs. Cumpton prior to the filing of suit.
We find no error in the trial judge's rulings and affirm the judgment appealed.

*848 EFFECTIVE DATE FOR COMMENCEMENT OF ALIMONY
In support of her position that payment of alimony should begin on April 17, 1972, the date she filed her petition demanding this relief, plaintiff cites Coney v. Coney, 215 La. 667, 41 So.2d 497 (1949), and Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972). In Coney, a wife requested alimony be made effective the date she physically separated from her husband. The Supreme Court held alimony is "only due and payable from date of judicial demand." In Stansbury, the First Circuit interpreted Coney to imply the trial judge has no discretion in specifying some later date for commencement of alimony payments and must order payment to begin the date of judicial demand.
The Coney case was also cited by this court in Nolte v. Nolte, 258 So.2d 118 (La.App.2d Cir. 1972) in reversing a trial court judgment which provided for alimony pendente lite to commence on the date judgment was rendered rather than from date of judicial demand.
We do not interpret Coney as intending to limit the discretion of a trial judge to commence alimony installments on some other date than judicial demand provided his action is fair and reasonable under the circumstances presented. Coney merely holds the trial court cannot make alimony retroactive to a time prior to judicial demand is made for same.
The Supreme Court in Cotton v. Wright, 193 La. 520, 190 So. 665 (1939) approved the method of calculation of alimony accrued under a judgment by a district court using the date of judgment as the commencement date. Although it is argued that Coney overruled Cotton, we do not consider the cases in conflict.
Compelling reasons may be presented to the court leading to a conclusion it would be impractical and inequitable to commence accrual of alimony ordered in the decree at the retroactive date of judicial demand. We know of no reason why a trial judge should not be accorded the same discretion in specifying a commencement date for alimony payments as he is given in determining the needs of the wife and ability of the husband to pay.
Should a judgment ordering payments of alimony not provide for commencement retroactive to date of judicial demand, it must be presumed the court intended it to be effective on the date of rendition. Bienvenue v. Bienvenue, 192 La. 395, 188 So. 41 (1939). The judgment here under consideration should therefore take effect on June 26, 1972.

CREDITS ON ALIMONY
The evidence supports defendant's contention that plaintiff withdrew $1,800 from a joint bank savings account belonging to the community just prior to filing her suit for separation. This sum of money has been available to plaintiff to use as she saw fit without restriction and therefore there is no error in the ruling of the trial judge allowing defendant credit for half of this sum in computing alimony payments. Duncan v. Roane, 127 So.2d 191 (La.App.3d Cir. 1961). The same ruling should apply to the other sum of $394 withdrawn by plaintiff from a checking account in her name, provided the funds in this account were community in nature. Plaintiff contends the funds in this account were her separate property as this account consisted of monies donated to her by defendant. The evidence does not support this conclusion. Defendant testified he gave plaintiff certain sums on a regular basis to purchase personal items and provide for household expenses. This is not refuted. We therefore conclude, as did the trial judge, there was no intent by the husband to make a manual donation to the separate estate of the wife of these funds.
*849 The trial judge's calculations of credits in accordance with the foregoing conclusions show defendant is not in default in payment of alimony as of the filing date of the rule by plaintiff on November 16, 1972.
For the foregoing reasons, the judgment appealed is affirmed at appellant's costs.