318 So.2d 68 (1975)
Sally Stafford NELSON
v.
John Prewitt NELSON, Jr.
Nos. 9707 and 9836.
Court of Appeal of Louisiana, First Circuit.
May 20, 1975.
Ashton L. Stewart, Baton Rouge, for appellant.
R. Boatner Howell Jr., Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.

ON APPLICATION FOR REHEARING
BLANCHE, Judge.
Application for rehearing was granted for the purpose of considering the correctness of our judgment insofar as we held that the defendant, John Prewitt Nelson, Jr., was entitled to compensation against the alimony owed by him to the extent of one-half of the community cash in the possession and control of the plaintiff, Sally Stafford Nelson, at or about the time of *69 their separation. In connection with our finding, we reasoned that the said funds taken by the plaintiff were presumed to be community funds, and having thus determined their character as being community property, the defendant had a right to compensation as to one-half of such funds and no more.
The effect of such a judgment was to effect a partition of $16,699.06 of community funds, which is a subject matter over which the Family Court of the Parish of East Baton Rouge has no jurisdiction. Article 7, Section 53 of the Louisiana Constitution, which establishes the jurisdiction of the Family Court, provides that the Civil District Court for the Parish of East Baton Rouge shall retain jurisdiction over all proceedings involving the liquidation and partition of the community after a judgment of divorce or separation had been rendered by the Family Court.[1] Accordingly, we had no authority to render a judgment in a Family Court proceeding which declared the funds community and then proceed to give plaintiff ownership of one-half thereof and the defendant ownership of the other half.
For the purposes of determining the amount of compensation allowed to the defendant, it was only necessary that we determine whether or not such funds were the separate funds of plaintiff, Sally Stafford Nelson. On a finding that such funds were the separate property of plaintiff, then the defendant would not be entitled to any credit for such funds against the pastdue alimony and child support owed by him. It matters not whether the funds are community funds or the separate funds of the defendant insofar as it affects a determination of the amount of compensation he is to be given against his past-due alimony and child support obligation. That money, since it was not the wife's separate property, whatever its character, would have been available to defendant, John Prewitt Nelson, Jr., to discharge the obligation placed upon him by virtue of the provisions of Civil Code Article 148 to support his wife as long as the marriage remained undissolved and to support his child pursuant to Civil Code Article 227; except for the fact that plaintiff, Sally Stafford Nelson, took the money, concealed it from the defendant, and used it for her own purposes. No one would doubt that defendant would have been due a credit had he borrowed $16,699.06 and paid it to the plaintiff. Further, suppose he had beaten Sally Stafford Nelson to the sources from which she obtained the money and had paid it to her. Could there be any doubt but that these funds were due as a credit against the amounts which he was required to pay his wife pursuant to the judgments ordering the alimony pendente lite and child support? We think not, and observe that our former judgment would encourage wives entertaining the thought of separating from their husbands to take all they could find before leaving, rather than awaiting a partition of the effects of the marriage in an appropriate proceeding. Only in a partition proceeding may it be determined whether alimony pendente lite is a separate, personal obligation of the husband which he must discharge without hope of reimbursement, or whether it is an advance by the husband to the wife which he may recover from her if the separation or divorce action results in a judgment of separation or divorce. See 23 La.L.Rev. 41, a note by Robert A. Pascal, concerning the amendment of Article 155 of the Louisiana Civil Code. Likewise, in a partition suit, the husband will be called upon to establish the nature of such funds as community, his separate, or otherwise, and to account for them accordingly to both the community and his former wife in community.
The foregoing considered, we find that in Appeal No. 9820 (La.App., 318 So.2d 71), the defendant is entitled to compensation in the amount of $15,699.06 against *70 the $10,932.43 judgment making alimony pendente lite and child support executory. This allows the additional sum of $4,766.63 to be applied in compensation to the $17,532.43 judgment making alimony pendente lite and child support executory considered in Appeal No. 9898 (La.App. 318 So.2d 70). In Appeal No. 9898, defendant is also entitled to compensation in the amount of $1,000.00, which he proved to be in plaintiff's possession on the trial of the second rule resulting in judgment on February 5, 1974.
In this connection, we note that the first judgment (Appeal No. 9820) ordered him to pay the sum of $10,932.43 and the second judgment (Appeal No. 9898) ordered him to pay the sum of $17,532.43. Referring to the minute entry in the record, it is readily determined that the amount of the second judgment included the amount which the defendant had been previously condemned to pay in the first judgment.
Therefore, in Appeal No. 9820, we affirm the judgment rendered on November 27, 1973, and amend it to reflect a credit of $15,699.06 as set forth hereinabove. In Appeal No. 9898 we also affirm the judgment of February 5, 1974, and amend the judgment to reflect compensations in the amounts of $4,766.63 and $1,000.00 and additionally amend said judgment by ordering another credit to said second judgment in the amount of the first judgment, $10,932.43. Concerning the last amendment of said judgment, such relief was neither sought nor prayed for, but it is ordered by us under the authority of LSA-C.C.P. Art. 2164 which gives this Court the authority to "render any judgment which is just, legal, and proper upon the record on appeal."
Judgment is therefore rendered in No. 9898 in favor of Sally Stafford Nelson and against John Prewitt Nelson, Jr. for the amount of $833.37, together with interest thereon from the date of judicial demand until paid.
Plaintiff-appellee to pay all costs in connection with Nos. 9820 and 9898.
Judgment in Nos. 9707 and 9836 in accordance with original decree of this Court.
Amended, and as amended, affirmed.
NOTES
[1] Subject matter jurisdiction of the Family Court for the Parish of East Baton Rouge has not been changed by the new Constitution which became effective January 1, 1975.