PRICE, Judge.
Loy Faye Lewis Litton seeks an award of $650 per month in permanent alimony and an increase from $300 to $650 for child support from her former husband, Alton Lee Litton. The judgment of divorce in April, 1973, made no provision for permanent alimony for Mrs. Litton, who received $38,000 under the terms of a community property settlement. The judgment awarded her the custody of the two minor children, along with the sum of $300 per month for their support.
Mrs. Litton contends that her financial circumstances have changed since the rendition of the divorce decree in that she has depleted most of the funds received by her under the property settlement in caring for herself and the minor children; that the cost of maintaining her two daughters has also increased; that her sole income from Social Security for herself and the children when added to the $300 now being paid by Mr. Litton is inadequate for this purpose.
The trial judge awarded Mrs. Litton $200 per month permanent alimony, and increased the child support to $380 per month. The court ordered the payment of alimony and increased child support to commence on the date of trial, June 29, 1976, rather than the date of judicial demand, February 10, 1975.
Mrs. Litton has appealed assigning as error the failure of the trial court to commence the alimony and increased child support on date of judicial demand, and that the amounts awarded are not commensurate with the needs shown and the ability of defendant to pay. Defendant also appealed, but has filed no brief in support thereof.
*1223 The issues relating to Mrs. Litton’s need for alimony and child support are purely factual and have been concisely and accurately stated by the trial judge’s written reasons as follows:
Mrs. Litton has suffered from multiple sclerosis for a long time. At the time of trial, June 29th, 1976, she was bedridden, completely incapacitated, and unable to even feed herself. Of course, she was not able to come to Court.
Mrs. Litton lives in the home with her Mother, Mrs. W. 0. Lewis. Mrs. Lewis is completely dedicated to her daughter and her grandchildren. She waits on her daughter hand and foot, seven days and seven nights a week, fifty-two weeks a year, year in and year out. Mrs. Lewis also attends to the two minor children, who likewise live in the home.
Mrs. Litton alleges a need for more money, and a change in the financial circumstances of her former husband.
Mr. Litton denies his ability to pay more, and answers that he cannot afford to pay the $300.00 per month he is already paying.
Mrs. Litton’s witnesses testified that Mrs. Litton now received $231.50 per month Social Security for herself, plus $220.20 per month Social Security for her two children. And, of course, the $300.00 per month from Mr. Litton. She has no other source of income, and, at the time of trial her bank account was reduced to $82.22. The $38,000.00 is gone, expended over a period of time, for various expenses.
In addition, she is in debt to the First National Bank in Mansfield for $300.00, and owes Selber Brothers, in Shreveport, about $200.00.
She gives her monthly expenses at $461.05 for herself, plus $889.89 for the two minor children, for a total alleged need of $1,350.94 per month.
This is an increase in expenses for the children of $97.56 per month over their alleged monthly expenses in the 1973 litigation.
It is to be noted that during this period of time her Social Security payments, plus those of her children, have increased from $375.00 per month (in 1973) to $451.70. This is an increase of $76.70 per month.
The Court takes notice that inflation over this period of time has diminished the purchasing power of the dollar considerably.
The Court will first direct its attention to the issue of child support.
As previously noted, the two minor children, Lisa Faye Litton, age 16 years, and Heather Lorraine Litton, age 7 years, are receiving a total of $520.20 per month, $220.20 from Social Security and $300.00 per month from Mr. Litton.
The evidence establishes that the needs of the two minor children, over and above the total of $520.20 they are now receiving require an additional $80.00 per month. Accordingly, child support for the two minor children should be increased from $300.00 per month to $380.00 per month.
Mrs. Litton’s sole source of income is the previously referred to $192.00 per month. Being without legal fault, she is entitled to permanent alimony. LSA-C.C. Art. 160.
Mrs. Litton alleges a need of $650.00 per month for herself, and in order to contribute to the support of her minor children. The Court considers the financial needs of the children adequately taken care of with the provisions above noted. We will therefore address ourselves to the needs of Mrs. Litton, only.
She has introduced evidence intended for the purpose of establishing a need for $461.05, for herself, as alleged.
In 1973, Social Security payments to Mrs. Litton were $192.00 per month. They are now $231.50 per month. This sum is not adequate. Her circumstances are necessitous, within the meaning and intendment of that term.
*1224 The Court is frank to state that this is a most difficult alimony problem. However, a careful review of the facts, the applicable law, and the jurisprudence leads the Court to the conclusion that permanent alimony for Mrs. Litton in the sum of $200.00 per month is appropriate, and that Mr. Litton is well able to pay this sum.
The amount awarded Mrs. Litton for permanent alimony, and the increase in support for the minor children are supported by the evidence and within the discretion accorded a trial judge in determining such matters.
Mr. Litton is a cattleman and farmer living at Evelyn in DeSoto Parish. He owns 397 acres of land and leases approximately 2,000 acres on which he grazes over 400 cattle. Although the trial judge found his answers to questions regarding his net income vague and uncertain, his net worth had increased from $194,803 in 1973, to $283,236 in 1975. He enjoyed a secured line of credit at the First National Bank of Shreveport up to $90,000. Although his income tax returns show no taxable income for the several years prior to trial, the totality of the evidence convinces us, as it did the trial judge, that Mr. Litton is financially able to pay these increases.
The remaining issue concerns whether the trial judge was in error in failing to make the payment of alimony and increased child support retroactive to the date of judicial demand. This court has previously considered this question, and found a trial judge has the discretion to commence payment of alimony on a subsequent date to judicial demand provided his action is fair and reasonable under the circumstances. Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2nd Cir. 1973). In this instance the trial judge commenced payment on the date of trial because:
In view of the long delay from the date of the filing of the petition for permanent alimony, and increased child support, until the date of trial, through no fault of either party, and the further fact that Mrs. Litton’s funds had not been so nearly depleted at that time as they were subsequently, and particularly at the time of the trial, the Court is going to direct that permanent alimony, and the increased child support, commence as of the date of the trial, i.e. June 29, 1976, .
There has been no abuse shown of this discretion in view of the reasons given by the trial court.
The judgment is affirmed at appellant’s costs.