349 So.2d 1258 (1977)
Hazel Carr HARTLEY
v.
John A. HARTLEY.
No. 59428.
Supreme Court of Louisiana.
September 19, 1977.
*1259 Walton J. Barnes, Barnes & Barnes, Baton Rouge, for plaintiff-applicant.
James D. Thomas, II, Dodd, Barker, Avant, Wall & Thomas, Baton Rouge, for defendant-respondent.
CALOGERO, Justice.
On October 28, 1974 Mrs. Hazel Carr Hartley procured a judgment in the district court against her husband John A. Hartley awarding her alimony pendente lite in the sum of $1,518.88 per month. Pending Mr. Hartley's appeal from that judgment, Mrs. Hartley filed a rule for contempt against Mr. Hartley for his failure to pay the alimony granted and for a judgment making the past due alimony executory. The rule for contempt was dismissed on motion of plaintiff when the defendant, apparently unavailable, failed to appear at the hearing. However, since defendant was represented by counsel, the rule for executory alimony was tried. In January, 1976 judgment was rendered in favor of Mrs. Hartley making executory some fifteen months of unpaid alimony amounting to $22,783.20. Defendant also appealed this latter judgment.
Defendant's initial appeal of the award of alimony pendente lite was partially successful and resulted in a reduction of the alimony payments from $1,518.88 to $545.00 monthly (additionally, defendant was required to make the mortgage payments on the family home amounting to $148.88 per month). Hartley v. Hartley, 336 So.2d 291 (La.App. 1st Cir.) writ refused, 339 So.2d 21 (1976). Accordingly, on defendant's appeal of the judgment making past due alimony executory the Court of Appeal, consistent with its earlier reduction of the monthly sum, reduced the gross award to $8,175.00. Furthermore, the court allowed defendant husband a credit of $8,000.00 or one-half of community funds which the Court of Appeal found plaintiff wife had taken and used prior to the date of the alimony judgment. Hartley v. Hartley, 341 So.2d 1257 (La.App. 1st Cir. 1977). We granted writs on the application of Mrs. Hartley, 343 So.2d 204 (La.1977), to review the following assignments of error:
(1) The appellate court erred in equating an unliquidated and unsubstantiated demand with that of a judicially liquidated claim as a basis for an interposed plea of compensation;
(2) The appellate court erred in permitting a credit or offset when a plea of compensation had not been raised as an affirmative defense or in a reconventional demand.
The pertinent facts are as follows:
John A. Hartley and Hazel Carr Hartley were married in 1950. In 1971 Mr. & Mrs. Hartley moved to Norway upon the request of Mr. Hartley's employer. In October of 1972 Mr. Hartley was transferred to Aberdeen, Scotland where the couple was scheduled to remain during the last thirteen months of Mr. Hartley's special employment.
*1260 In March, 1973, while still living together in Europe as husband and wife, Mrs. Hartley, with the consent of Mr. Hartley, transferred some $16,000 of community funds from their joint savings account in the Chatom State Bank in Alabama to another joint account in the Bank of Slidell at Slidell, Louisiana. Thereafter, these same funds were transferred to a Lafayette, Louisiana account held in the name of their daughter Sandra Hartley Layod. This transfer was somehow accomplished by the litigants' daughter with the apparent approval of both Mr. and Mrs. Hartley. Thereafter, marital difficulties arose which resulted in Mrs. Hartley's return to the United States in August of 1973. She filed for separation in Baton Rouge but later had that suit dismissed. On September 20, 1974 Mrs. Hartley again filed suit for separation this time in St. Tammany Parish. This second suit resulted in the award of alimony pendente lite referred to above on October 28, 1974. It is conceded by the parties that Mrs. Hartley received little, if any, support from the defendant from the time she left the matrimonial domicile in August of 1973 through the trial of the executory alimony rule in January of 1976.
At the trial of the executory alimony rule and at an earlier deposition Mrs. Hartley admitted that some of the funds which had been deposited in the Bank of Slidell and later transferred to the Lafayette, Louisiana account held by her daughter were used by the daughter for Mrs. Hartley's benefit and support. It also appears that other portions of the funds were used by Mrs. Layod to manage certain pieces of real estate belonging to her parents and to support her minor sister during the final months of the child's minority. However, other than these facts there is no clear showing in the record precisely how the $16,000.00 was expended.
As noted earlier, the Court of Appeal found that Mrs. Hartley had taken and used community funds amounting to $16,000.00 having had it placed in an account to which the defendant had no means of access. Based on this finding the Court of Appeal concluded that Mr. Hartley was entitled to a credit of one-half of the funds, or $8,000.00, against the amount due for unpaid alimony, citing Nelson v. Nelson, 311 So.2d 268 (La.App. 1st Cir. 1974) writ refused, 315 So.2d 39 (1975) as the controlling authority.
In so holding we believe the Court of Appeal erred.
In Nelson, supra, the Court of Appeal allowed a husband to credit community funds taken by the wife against an alimony judgment which had been made executory.[1] This holding was based upon an earlier appellate court decision involving very similar if not identical issues: Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2nd Cir. 1973). In both cases the Court of Appeal seemed to focus upon two central findings. First, the funds taken by the wife were taken almost immediately prior to the filing of suit for separation or divorce. And second, the funds were taken without the consent of the husband and were expended or available for expenditure solely in the discretion of the wife. These two findings make the instant case distinguishable from both Nelson and Cumpton. The funds here in question were transferred at least eighteen months prior to the separation suit filed in St. Tammany Parish and apparently many months before the separation suit which was filed in Baton Rouge Parish and later dismissed (the precise number of months is not apparent from this record). Additionally, the present funds were transferred with the apparent knowledge and consent of the defendant and they were not placed under Mrs. Hartley's exclusive control. Rather, the funds were apparently controlled by the couple's daughter, Sandra Hartley Layod. Thus, a result contrary to that of the decisions *1261 in both Nelson and Cumpton would be reached simply by distinguishing these cases on their facts.
There is, however, a more compelling reason why we conclude the Court of Appeal erred, and why the results in Nelson and Cumpton are at the least questionable.
Compensation or set-off[2] to be applicable requires the contemporaneous existence of distinct debts, each equally liquidated and demandable. As this court stated in the early case of Carter v. Morse, 8 Mart.O.S. 398 (La.1820), alluding to Pothier:
"A debt, says Pothier, is liquidated when it appears that something is due, and how much. Cum certum sit an debeatur & quantum debeatur. A contested debt, therefore, is not a liquidated one; and cannot be set off, unless he who claims to set it off, has the proof in his hands, and be ready to prove it promptly and summarily. 2 Pothier's Obligations, n. 174."
See also, Saunier v. Saunier, 217 La. 607, 47 So.2d 19 (1950).
Thus, a determination as to the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper basis for a plea of compensation. Lack of sufficient liquidity and demandability will preclude such a plea.[3]
In the case at hand the best that can be said of Mr. Hartley's position is that he has a potential claim against his wife for community funds, a claim very likely to be contested, and one which should properly be determined in a partition of the community property. From the poorly developed record before us it is nonetheless evident that at such time Mrs. Hartley will be seriously urging that the $16,000.00, or some portion thereof, was employed not for her separate advantage but for community obligations including management of community realty, support of their minor daughter, and support of Mrs. Hartley between August 1973 and the October 28, 1974 initial alimony judgment, during which period she apparently received no support from her husband.
It is thus evident that Mrs. Hartley's "debt," when placed beside her husband's alimony judgment obligation, is definitely not "equally liquidated and demandable." Compensation or set-off is therefore not available in these proceedings to offset or reduce the debt owed by Mr. Hartley for past due alimony.
For the foregoing reasons the judgment in the Court of Appeal, insofar as it reduced the award for unpaid alimony by allowing the defendant a credit of $8,000.00, is reversed. The award of $8,175.00 for unpaid alimony (as reduced to comport with an earlier appellate court reduction) is affirmed.
NOTES
[1] It should be noted that the original decision in Nelson was modified on rehearing but not in such a manner that it is of any importance to the case presently before us. See, Nelson v. Nelson, 318 So.2d 68 (La.App. 1st Cir. 1968).
[2] The concept of compensation or set-off is treated by La.Civ.Code arts. 2207-09, which provide as follows:

Art. 2207. When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed.
Art. 2208. Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.
Art. 2209. Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and same kind, and which are equally liquidated and demandable.
The days of grace are no obstacle to the compensation.
[3] For present purposes we pretermit considering plaintiff's contention that defendant was required to, yet did not, affirmatively plead compensation or set-off and that the issues were not expanded by the receipt of evidence without objection.