358 So.2d 1002 (1978)
Lena Vallot CASTILLE, Plaintiff and Appellee,
v.
Albert Richard CASTILLE, Defendant and Appellant.
No. 6447.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
Michael Harson, Lafayette, for defendant and appellant.
Dennis J. Vidrine, Lafayette, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
CULPEPPER, Judge.
The defendant husband appeals from a judgment awarding alimony pendente lite in the sum of $200 per month to the plaintiff wife. The plaintiff wife answered the appeal seeking an increase to $600 per month.
As to the constitutional issue, our Supreme Court recently considered the constitutionality of LSA-C.C. Article 148 in Williams v. Williams, 331 So.2d 438 (La. 1976). In light of that decision, we find no merit to the appellant's contention that Civil Code Article 148 deprives him of equal protection or due process of law under La. Const.1974, Article 1, Sections 2 or 3.
Appellant also contends that he is entitled to a set-off or credit for $26,000 of community funds held by the wife. He bases his claim on the decision in Nelson v. Nelson, 311 So.2d 268 (La.App. 1st Cir. 1974), amended on rehearing at 318 So.2d 68 (La.App. 1st Cir. 1975). We find the facts of that case distinguishable from the case now before us. In Nelson the wife withdrew all of the monies in each community bank account and then purchased cashier's checks. She did this without her husband's knowledge and deposited the money in accounts of others. She had complete control over these funds. In the present case, the record reflects that Mrs. Castille took half the money in each account held by herself and Mr. Castille. We are not sure if this was done with appellant's consent, or even when this transfer occurred.
In a similar case, Hartley v. Hartley, 349 So.2d 1258 (La.1977), our Supreme Court questioned the results in the Nelson case. Having distinguished Nelson on its facts, the Court went on to emphasize that for *1003 compensation to take place, each claim must be equally liquidated and demandable. In Hartley, the Court found the husband had, at best, a potential claim against his wife for community funds, and that compensation or set-off was, therefore, not available to him as a defense against the wife's claim for alimony.
We find Mr. Castille has failed to show that his wife owes him a debt equally liquidated and demandable. For that reason, no set-off is available to him in these proceedings.
We also find no abuse of discretion in the amount of $200 per month alimony pendente lite awarded by the trial court.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
DOMENGEAUX, Judge, dissenting in part.
I disagree with the portion of the majority opinion which affirms the amount of the alimony pendente lite awarded to the wife by the trial court. I feel that the amount should be reduced.
The amount awarded is approximately one-half of the husband's income. The parties were married for some 18 years. They were both married before. They are childless. The husband took early retirement and his only income is a retirement check in the amount of $423.00 per month, plus a little over $1.00 per month which he receives from his father's succession. The parties lived together for over one year after the husband took his retirement.
I fully recognize our limitations on review of amounts awarded in this type of case, and the much discretion which is accorded a trial judge in setting an amount. However, it appears to me that there is manifest error here. The wife is in a substantially better financial condition than the husband. When they became separated, the amount of cash owned by the community was divided, it appears that this division was accomplished by agreement. The divided funds are in their respective names and under their respective control. The husband has approximately $21,000.00 in Certificates of Deposit, plus some $8,000.00, some of which is in a checking account and the remainder in a Safety Deposit Box. The wife has approximately the same amount. Both of them have the greater part of the cash which they divided in interest bearing certificates. Additionally, the wife owns a home in which she is now living rent free, and also owns another piece of property which is not further described in the record. These immovables are her separate property. The husband owns nothing other than the cash.
A realistic appraisal of the respective maintenance needs of both parties show that they are about equal, except for one item: the husband must pay $100.00 for rent and the wife lives rent free in her own home. Considering all facets of this case, I feel that the alimony pendente lite should be reduced by $50.00 to compensate for the husband's rent.
I express no opinion concerning the legality and consequences of the voluntary division of the community funds by the parties, but the fact remains, obviously with the husband's condonance, that the wife has for her own use the substantial amount of cash referred to herein, which under usual circumstances would not be in her possession and control.
It appears to me that the wife is benefited in alimony pendente lite to a greater extent than anticipated by C.C. Art. 148. I would reduce that award to $150.00 per month.