McClendon, Judge.
The defendant husband appeals from a judgment making executory past due alimony and child support payments and denying his claim for compensation or set-off. We amend and affirm.
Mr. and Mrs. Dees married in 1961 and prior to their separation lived in Vivian, Louisiana. One child was born of the marriage. Beginning in December, 1978, Mr. Dees’ employment required him to live away from home almost constantly. The parties separated in the early part of 1979, although Mr. Dees did not remove his personal belongings from the family home until April, 1979. In the early part of May, 1979, Mr. Dees’ employment was terminated.
On April 26, 1979 Mrs. Dees filed a petition for separation and sought alimony and child support in a rule which was tried on May 31, 1979. Judgment was rendered awarding Mrs. Dees alimony and child support in the sum of $525 per month and use of the family home and automobile.
Prior to the rule awarding alimony and child support, Mrs. Dees sold a truck and right angle gear box for a net sum of $400. Appellant testified Mrs. Dees sold these items without his knowledge or consent and he has received only $75 from the proceeds. He also complained that the true value of the items was approximately $4,200. Ap-pellee testified she gave her husband half of the proceeds from the sale of the gear box, or $100.
After the judgment awarding alimony and child support appellant, who was still unemployed and living out of the state, authorized Mrs. Dees to sell several other items of community property for the total sum of $1,065. Mr. Dees testified they agreed the money would be used for the support of -Mrs. Dees and their minor daughter. On the other hand, Mrs. Dees testified they agreed the money was to be expended to pay community debts and she, in fact, used this money to pay past due house and automobile loan payments.
On July 10, 1979, Mrs. Dees filed the present rule to accrue past due alimony and child support payments. Mr. Dees answered contending he is entitled to a credit or set-off on his obligation for one-half of the community funds realized from the sales by Mrs. Dees.
Applying Louisiana Civil Code Article 2209 in a similar situation, the Louisiana Supreme Court said in Hartley v. Hartley, 349 So.2d 1258 (La.1977):
“Compensation or set-off to be applicable requires the contemporaneous existence of distinct debts, each equally liquidated and demandable. .
******
“Thus, a determination as to the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper basis for a plea of compensation. Lack of sufficient liquidity and demandability will preclude such a plea.”
In that case, the court concluded that defendant had, at best, “a potential claim against his wife for community funds, a claim very likely to be contested, and one which should properly be determined in a partition of the community property.” Therefore, compensation or set-off was not allowed.
In the case at bar, there is a definite dispute as to the amount owed by Mrs. Dees. The testimony differs as to how much the truck and gear box were worth and how much money Mr. Dees received as his share of the proceeds. It is also not entirely clear how much of the proceeds *1059 was actually expended on community debts as opposed to the support of Mrs. Dees and the child. For these reasons we find that Mr. Dees has failed to show Mrs. Dees owes him a debt equally liquidated and demanda-ble. Therefore, the trial court correctly denied his claim for set-off.
However, we find appellant’s contention that Mrs. Dees admitted giving Mr. Dees credit of $200 toward the child support has merit.
Beginning at line 29 on page 60 of the Transcript, we quote from the cross-examination of Mrs. Dees by Mr. McCollum:
“Q. And Mr. Dees received none of this $1025 that you said was received from those sales?
A. I gave him $200 credit on the sale of the miscellaneous parts.
Q. I don’t understand. You say you gave him $200?
A. No. I just gave him $200 credit toward the child support.”
Counsel for Mrs. Dees did not address himself in brief to this admission or its effect.
For the foregoing reasons, the judgment appealed from is amended to give appellant credit for $200.00 against the $1,312.50 found past due, and otherwise is affirmed. Appellant is assessed with all costs.