GULOTTA, Judge.
Plaintiff-wife, appealing, claims the trial judge erred in awarding accumulated past-due alimony pendente lite from the date of the judgment fixing the alimony instead of from the filing of the petition.[1] Plaintiff further seeks an increase in the attorney’s fee in accordance with LSA-R.S. 9:305.[2]
The initial judgment awarding alimony was silent concerning the date of commencement of alimony payments.[3] The Second Circuit in such an instance concluded the trial judge had intended the rendition date as the commencement date. Cumpton v. Cumpton, 283 So.2d 846 (La. App. 2nd Cir.1973). See also Bienvenue v. Bienvenue, 192 La. 395, 188 So. 41 (1939).
The Cumpton court, supra, held that the determination of the commencement date for payment of alimony pendente lite *196 was within the discretion of the trial judge. In so holding, the Second Circuit in Cumpton refused to follow the rule implied in Stansbury v. Stansbury, 258 So.2d 170 (La. App. 1st Cir.1972) that a trial judge has no discretion in setting the commencement date but that payments are owed from date of judicial demand.
We are in agreement with our brothers on the Second Circuit. The better rule, we believe, is that the trial judge is vested with discretion. See Richard v. Richard, 359 So.2d 696 (La.App. 1st Cir.1978); Quinn v. Quinn, 412 So.2d 649 (La.App. 2nd Cir.1982). Moreover, in Cotton v. Wright, 193 La. 520, 190 So. 665 (1939), the Supreme Court noted (in passing) that the “correct method” in calculating accrued alimony on a rule for arrearages is from the date of the judgment fixing the alimony.
Applying the rule to our case, we cannot say that there was abuse of the trial court’s discretion[4] in not making commencement retroactive to the filing of the petition.
Finally, because we find no error and because plaintiff-appellant has not prevailed in this appeal, we hold no entitlement to additional attorney’s fees. See LSA-R.S. 9:305.
Having so concluded, we affirm.
AFFIRM.

. Plaintiff filed the petition seeking alimony pendente lite on July 2, 1981. The trial court rendered judgment on August 3, 1981, ordering the husband to pay alimony pendente lite in the amount of $100.00 per week. The wife subsequently filed a rule for arrearages, and on September 11, 1981, the court awarded past due alimony from the date of the August 3, 1981 judgment, instead of the filing of the wife’s initial petition for alimony.

. LSA-R.S. 9:305 provides:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.”

.Strong argument might be made that plaintiff’s appeal is untimely because the appeal should have been taken from the original judgment awarding alimony rather than from the judgment awarding accumulated past-due alimony. Nonetheless, we prefer to consider the appeal on its merits.

. In written reasons for the August 3, 1981 judgment awarding $100.00 per week alimony to the wife, the trial judge noted that the wife had retained $4,700.00 of the parties $6,200.00 savings account, was living at her parents’ home, and had been gainfully employed during the eight month period of separation, although she was not employed at the time of the rule. The alimony award represented one-third of the husband’s net weekly pay.