436 So.2d 739 (1983)
Lizabeth Crusta MASSIE, Plaintiff-Appellant,
v.
Charles W. MASSIE, III, Defendant-Appellee.
No. 83-122.
Court of Appeal of Louisiana, Third Circuit.
August 10, 1983.
*740 Robert L. Cole, Lafayette, for plaintiff-appellant.
Offices of J. Minos Simon, Gregory K. Klein, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and PICKETT[*], JJ.
FORET, Judge.
Lizabeth Crusta Massie (plaintiff) filed a "PETITION FOR SEPARATION" in which she sought, among other things, the issuance of rules to show cause why defendant, Charles W. Massie, III, should not be condemned to pay alimony pendente lite and child support, and why she should not be granted the right to use and occupy the family residence pending the partition of community property[1].
The trial court, after hearing the rules, rendered judgment in favor of plaintiff, ordering that defendant be condemned to pay $1250 per month as alimony pendente lite and $750 per month as child support. Plaintiff was granted the exclusive use and occupancy of the family residence[2].
*741 Plaintiff appeals and raises the issue of whether the trial court abused its discretion in awarding her the amounts stated above for child support and alimony pendente lite.
Defendant has answered the appeal and raises the following issues:
(1) Whether the trial court abused its discretion in awarding child support and alimony pendente lite in an amount that exceeds the needs of plaintiff and the minor children, and defendant's ability to pay;
(2) Whether the trial court abused its discretion in granting plaintiff the exclusive right to use and occupy the family residence; and,
(3) Whether the trial court erred in refusing to allow him a credit against his obligation to pay alimony pendente lite and child support to the extent of community funds alleged to have been appropriated by plaintiff for her exclusive use.

FACTS
On August 16, 1982, plaintiff instituted an action for separation alleging that defendant had repeatedly treated her with such mental and physical cruelty as to render their living together insupportable. As noted above, she also sought the issuance of certain rules to show cause.
Prior to the hearing on plaintiff's rules, the parties stipulated that judgment be rendered in favor of plaintiff, awarding her custody of the parties' minor children with defendant having reasonable visitation rights. Further, that temporary restraining orders be issued against each party, prohibiting the sale, encumberance, or alienation in any manner of community property. After hearing plaintiff's rules, the matter was taken under advisement by the trial court.

ALIMONY AND CHILD SUPPORT AWARD
Plaintiff contends that the trial court abused its discretion in making its award for child support and alimony pendente lite. She argues that the minor children and herself are accustomed to a very affluent standard of living, and that they are entitled to be maintained at that standard. Plaintiff notes that the family residence is very large, and argues that she and the children can barely subsist on $2000 per month.
Defendant, on the other hand, contends that the trial court's award fails to take into account the needs of plaintiff and the minor children, and his ability to pay. He argues that plaintiff has habitually lived outside of the means he was able to provide, and that she is not entitled to be maintained at this inflated standard of living.
Plaintiff introduced in evidence an "AFFIDAVIT OF EXPENSES AND INCOME" showing a total of $7500 in average monthly expenditures. However, by her own testimony, it was shown that plaintiff had over-estimated her average monthly expenditures by approximately $3000. In addition, plaintiff admitted that the parties had argued about her spending practices throughout their marriage. Plaintiff stated that:
"Almost every check I've written, I would say for many years, has been an overdraft."
Defendant testified that his gross monthly income was approximately $10,000. However, other testimony given by him indicates that it was actually $10,500 per month.
The evidence shows that the parties' two minor sons attend private schools. In addition, their minor daughter (Katherine) is severely mentally retarded and resides in a private institution in New Orleans. The State of Louisiana pays for most of the expenses incurred in keeping her in this institution. However, plaintiff testified that she must visit her daughter approximately three times a month to bring her to physicians, etc., and to meet with the staff of the facility. She must also prepare special foods for Katherine and, because of physical deformity, buy special clothing for her.
*742 It is our opinion that the trial court did not abuse its discretion in awarding plaintiff $1250 per month as alimony pendente lite and $750 per month as child support. We have taken into consideration defendant's ability to pay, the fact that plaintiff and the minor children have been granted the exclusive use and occupancy of the family home, and plaintiff's admitted excesses during the parties' marriage[3].

FAMILY RESIDENCE
Defendant contends that the trial court abused its discretion in granting plaintiff the exclusive use and occupancy of the family residence. Defendant points to evidence, introduced under a proffer of proof, to the effect that the family residence is large enough to accommodate both parties living therein, while still maintaining the integrity of their separateness and their desire to live separate and apart. We find no merit to defendant's argument.
LSA-R.S. 9:308 provides:
"§ 308. Possession of the family residence
After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home in awarding alimony or child support.
Added by Acts 1981, No. 592, § 1."
The statute requires the trial court to consider certain factors (the relative economic status of the spouses and the needs of the children), and to award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. Nowhere does the statute direct the trial court to inquire into the size of the family residence, or the ability of the spouses to live separate and apart therein.
Defendant expressed a desire to be allowed to reside in the family residence, but plaintiff was firmly opposed to this. The reason given by plaintiff was that defendant had a violent temper.
It is our opinion that there was no abuse of discretion by the trial court in granting plaintiff the exclusive use and occupancy of the family residence.

CREDIT
Defendant contends that the trial court erred in failing to allow him a credit against his obligation to pay alimony pendente lite and child support. Defendant argues that plaintiff received and cashed a check for $9100 made payable to him immediately prior to the parties' separation in August of 1982. Plaintiff admitted that she had done this, but stated that she needed the money for her and the children to live on until a judgment for support could be secured from the trial court.
Defendant relies on Nelson v. Nelson, 311 So.2d 268 (La.App. 1 Cir.1974), on rehearing, 318 So.2d 68 (La.App. 1 Cir.1975), in support of his contention. The evidence in Nelson showed that plaintiff (wife) had obtained $16,699.06 in community funds from various sources immediately prior to the filing of her suit for separation. Further, the funds were taken without the consent of defendant (husband) and were expended or available for expenditure solely in the discretion of the plaintiff. Defendant claimed compensation in response to a judgment obtained by plaintiff making past-due alimony executory. On rehearing, Nelson held that defendant was entitled to *743 compensation in the full amount of the funds taken by plaintiff.
However, the reasoning and result in Nelson were questioned in Hartley v. Hartley, 349 So.2d 1258 (La.1977). Hartley first noted that the case before it could be distinguished on its facts from Nelson. Then, at page 1261, Hartley stated that:
"There is, however, a more compelling reason why we conclude the Court of Appeal erred, and why the results in Nelson and Cumpton are at the least questionable.
Compensation or set-off2 to be applicable requires the contemporaneous existence of distinct debts, each equally liquidated and demandable. As this court stated in the early case of Carter v. Morse, 8 Mart.O.S. 398 (La.1820), alluding to Pothier:
"A debt, says Pothier, is liquidated when it appears that something is due, and how much. Cum certum sit an debeatur & quantum debeatur. A contested debt, therefore, is not a liquidated one; and cannot be set off, unless he who claims to set it off, has the proof in his hands, and be ready to prove it promptly and summarily. 2 Pothier's Obligations, n. 174."
See also, Saunier v. Saunier, 217 La. 607, 47 So.2d 19 (1950).
Thus, a determination as to the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper basis for a plea of compensation. Lack of sufficient liquidity and demandability will preclude such a plea.3
In the case at hand the best that can be said of Mr. Hartley's position is that he has a potential claim against his wife for community funds, a claim very likely to be contested, and one which should properly be determined in a partition of the community property. From the poorly developed record before us it is nonetheless evident that at such time Mrs. Hartley will be seriously urging that the $16,000.00, or some portion thereof, was employed not for her separate advantage but for community obligations including management of community realty, support of their minor daughter, and support of Mrs. Hartley between August 1973 and the October 28, 1974 initial alimony judgment, during which period she apparently received no support from her husband.
It is thus evident that Mrs. Hartley's "debt," when placed beside her husband's alimony judgment obligation, is definitely not "equally liquidated and demandable." Compensation or set-off is therefore not available in these proceedings to offset or reduce the debt owed by Mr. Hartley for past due alimony."
See also Castille v. Castille, 358 So.2d 1002 (La.App. 3 Cir.1978); Thomas v. Thomas, 400 So.2d 1120 (La.App. 1 Cir. 1981).
In the action sub judice, plaintiff's debt is not liquidated and demandable. Thus, defendant is not entitled to compensation.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed equally between plaintiff and defendant.
AFFIRMED.
NOTES
[*] Judge John S. Pickett, Jr., 10th Judicial District Court, Judge Ad Hoc.
[1] Plaintiff prayed: that a separation "a mensa et thoro" be granted in her favor; that a temporary restraining order issue immediately, without bond, prohibiting defendant from taking certain actions with respect to community property, and from mentally and physically harassing her; that reasonable attorney's fees be awarded to her for services rendered in connection with these proceedings; that the community property be partitioned in accordance with law; and, that interrogatories attached to the petition be served on defendant and that he be required to answer them within a certain period of time.

Plaintiff also sought the issuance of rules to show cause: why a preliminary injunction should not be granted in the form of the temporary restraining order, and that in due course a permanent injunction issue herein to the same effect; why the custody of the parties' minor children should not be awarded to her; and, why defendant should not be required to maintain all hospitalization and dental insurance premiums presently in force on her and the minor children.
[2] The trial court further rendered judgment in favor of plaintiff, awarding her the custody of the parties' minor children (Charles William Massie, IV, Christian C. Massie, and Katherine E. Massie), subject to the reasonable visitation rights of defendant.
[3] See LSA-R.S. 9:308, infra; Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3 Cir.1981); Langham v. Langham, 381 So.2d 1284 (La.App. 2 Cir. 1980); LeBouef v. LeBouef, 325 So.2d 290 (La. App. 4 Cir.1975); Williams v. Barnette, 76 So.2d 912 (La.1954); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2 Cir.1981).