438 So.2d 706 (1983)
Joyce Bell WEST, Plaintiff-Appellant,
v.
Bobby Payne WEST, Defendant-Appellee.
No. 15655-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
*707 Pringle & Herzog by R. Perry Pringle, Shreveport, for plaintiff-appellant.
Lowther & Boone by William R. Boone, Many, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
In this separation proceeding, Joyce Bell West appeals a judgment on rule rejecting her demand for past due alimony, contempt and attorney's fees against her husband. The primary issue presented by this appeal is the propriety of the trial court's ruling that Bobby Payne West is entitled to receive credit under a theory of set-off or compensation for three alimony payments in the amount of $2550 against sums of money which Mrs. West removed from two community checking accounts.
The factual posture of this case is undisputed. On September 9, 1982, Mrs. West filed a suit for separation. On September 21, 1982, a hearing was had on a rule to determine alimony pendente lite and for a preliminary injunction. On that date, the parties entered into a stipulation which awarded Mrs. West alimony pendente lite in the amount of $850 per month and both parties were enjoined from harassing each other and from alienating or encumbering any of the community assets. However, two community checking accounts were specifically excluded from the preliminary injunction and Mr. West was to account to the community for all funds utilized therefrom.[1]
On September 30, 1982, Mrs. West went to Many, Louisiana, and withdrew $250 from the Sabine Bank and Trust Company and $4184.69 from the People's State Bank, these being the accounts excluded from the preliminary injunction, which sums she represented to be approximately one-half of the funds in each of the accounts on those dates. Additionally, she wrote a check in the amount of $300 from the People's account for the payment of her apartment rent.
Thereafter, Mr. West wrote two checks, one in October and one in November, 1982, each in the amount of $850 in payment of the alimony due for each of those months. When Mrs. West presented these checks to the bank for payment, they were not honored because there were insufficient funds in the account on which they were written. In December, 1982, a check was written by Mr. West in the amount of $850 for that month's alimony payment and was sent to Mrs. West by certified mail. Because Mrs. West was in Hawaii visiting her daughter, the letter containing the check was returned unclaimed. Even after Mr. West became aware that the checks were not honored by the bank and after the third *708 check was returned to him, he made no further efforts to make these alimony payments.
On January 20, 1983, Mrs. West filed a rule to make past due alimony executory, for contempt and for attorney's fees. Thereafter, Mr. West filed a rule for contempt against Mrs. West alleging that she had violated the terms of the preliminary injunction by making the withdrawals from the community accounts. These rules were consolidated for purposes of trial, and both rules for contempt were rejected by the trial court. However, Mr. West was given credit for the three unpaid alimony installments against the withdrawals made by Mrs. West. Because Mr. West has neither answered Mrs. West's appeal nor appealed from the judgment rejecting his demands, the issues presented thereby are not contained within this appeal.
Mrs. West assigns the following errors:
I. The District court erred in allowing a set-off of the past due alimony payments against any sums which may have been taken or alienated from a community bank account(s) for the reason that any claims as to community property should be determined in a separate partition proceeding and are not equally liquidated and demandable as a prior judgment of alimony.
II. The District Court erred in not finding past due and executory the sum of $2550.00 together with reasonable attorney's fees and all costs, owed plaintiff-appellant by defendant-appellee and in not finding defendant-appellee in contempt of court for his failure to pay said amounts.
The concept of compensation or set-off is provided for in La.C.C. Arts. 2207-2209.[2] In order for compensation or set-off to be applicable, there must be a contemporaneous existence of distinct debts, each equally liquidated and demandable. Hartley v. Hartley, 349 So.2d 1258 (La.1977). An essential prerequisite to determining whether or not a plea of compensation is applicable to a claim is the determination of the liquidity of the claim. While it is clear from the facts presented that Mr. West has a potential claim against Mrs. West for community funds, which is very likely to be contested, that claim is properly determined in a partition of the community property, rather than as a defense to a claim for unpaid alimony. Hartley v. Hartley, supra; Hamilton v. Hamilton, 421 So.2d 291 (La.App. 1st Cir.1982); Thomas v. Thomas, 400 So.2d 1120 (La.App. 1st Cir.1981); Castille v. Castille, 358 So.2d 1002 (La.App. 3d Cir.1978); Dees v. Dees, 382 So.2d 1057 (La.App. 2d Cir.1980). Based on the rule of law enunciated in the aforementioned cases, the trial court was in error in finding that compensation or set-off was available to Mr. West to offset or reduce the debt owed to Mrs. West for unpaid alimony. Therefore, Mrs. West is entitled to judgment in the amount of $2550 representing the arrearages owed as well as interest from the date that each installment became due. Thompson v. Courville, 372 So.2d 579 (La.App. 3d Cir. 1979). Under the provisions of La.R.S. 9:305,[3] she is additionally entitled to recover reasonable attorney's fees, which based on *709 our evaluation of the work performed from our review of the record in the court below and in this court [See In the Matter of Andras, 410 So.2d 328 (La.App. 4th Cir. 1982)], we fix in the amount of $600.00 and all costs of this proceeding.
Mrs. West further contends that the trial court erred in failing to find Mr. West in contempt for his failure to pay alimony. The trial court is vested with great discretion in determining whether or not a party should be held in contempt for failure to follow the court's orders. Litton v. Litton, 299 So.2d 458 (La.App. 2d Cir. 1974). Admittedly, the trial court failed to find Mr. West in contempt because it found no alimony arrearage because of the credit allowed. However, based on the particular facts and circumstances of this case, we cannot say that the trial court would have abused its great discretion had it failed to find Mr. West in contempt after a finding that the arrearages were due and owing to Mrs. West. Thus, we are unwilling to make such a finding in this case. Absent a showing that a finding of contempt is necessary to the resolution of the case, we prefer to leave such matters to a trial court because of its better position to determine how best to deal with litigants in effectuating the court's orders.
Accordingly, the judgment of the trial court is amended to render judgment in favor of Joyce Bell West in the amount of $2550 with legal interest thereon from the date that each installment of alimony owed became due, for attorney's fees in the amount of $600.00 and for all costs of this proceeding, and as amended the judgment is affirmed.
JUDGMENT AMENDED and as amended AFFIRMED.
NOTES
[1] The actual terms of the stipulation regarding the preliminary injunction are not reflected in the record. Apparently, there was an oral stipulation in open court which is not made a part of the record which has been made available for our review. The judgment reflecting the stipulation reads as follows in pertinent part:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein against BOBBY PAYNE WEST and JOYCE BELL WEST enjoining and restraining both parties from in any manner whatsoever alienating, encumbering or disposing of any of the assets belonging to the community of acquets and gains existing between JOYCE BELL WEST and BOBBY PAYNE WEST.
* * * * * *
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the preliminary injunction above referred to shall not apply to the two (2) bank accounts; bank account # 018 469 1 located at Sabine State Bank & Trust Co., Many, LA and bank account # 05 6619 5 located at the People's State Bank, Many, LA, provided however, that BOBBY PAYNE WEST will have to account to the community for all funds utilized.
[2] La.C.C. Arts. 2207-2209 provide:

Art. 2207. When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed.
Art. 2208. Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.
Art. 2209. Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.
The days of grace are no obstacle to the compensation.
[3] La.R.S. 9:305 provides:

When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.