GULOTTA, Judge.
A former husband appeals from a judgment ordering him to pay past due alimony and child support and to serve two days’ imprisonment for contempt. According to the husband, he is entitled to certain credits against the amount awarded and should be exonerated from contempt because of his financial distress. We affirm.
In a consent judgment of divorce on April 29, 1985, Phillip Youngberg agreed to pay his former wife Audrey $600.00 per month in permanent alimony, $1,400.00 per month for the support of their four minor children, school tuition, medical expenses, and the mortgage on the former marital home. On July 12, 1985, following a rule for contempt, the husband was ordered to pay certain medical bills and $2,825.00 in past due alimony and support. The trial judge further found him in contempt and imposed a thirty day prison sentence that was suspended on condition he pay his support arrearages and past due school tuition.
After Youngberg failed to make further support payments, the wife filed a second rule. On September 26, 1985, the court made $11,530.47 in arrearages executory and ordered Mr. Youngberg to serve two days of his previously suspended sentence. It is from this judgment that he has appealed.
The husband first contends that he is entitled to a $4,608.00 retroactive credit against the amount of the judgment. According to Youngberg, his support arrear-ages should be offset by one-half of $6,216.31 he paid to American Express for credit card charges made by his wife without his permission, and one-half of a $3,000.00 check his wife drew against their community checking account by forging his signature. We disagree.
As noted by the trial judge in his well written reasons for judgment, the credit card charges were incurred between December, 1983 and January, 1985, a time when Youngberg was meeting his alimony pendente lite and child support obligations under a March 9, 1984 judgment. Mrs. Youngberg testified that she used the credit card to “balance out” household expenses for herself and the children that the husband was responsible for paying. Under these circumstances, the trial judge properly concluded that neither spouse intended a credit in Youngberg’s favor when he paid the account balance. Even if we assume that the credit card charges were in excess of Mr. Youngberg’s support obligations, he is not entitled to recovery. A parent who makes such a payment to a *331 third party on behalf of his minor children cannot obtain reimbursement or credit, the excess being considered as a “gift” to the children. Morice v. Morice, 447 So.2d 1248 (La.App. 4th Cir.1984); Gravel v. Gravel, 355 So.2d 1057 (La.App. 4th Cir.1978).
We further conclude that the trial judge properly denied the husband’s claim for a $1,500.00 credit representing one-half of the $3,000.00 removed by his former wife from the community checking account on November 8, 1983. As pointed out by the trial judge, the dispute concerning these funds should be resolved upon partition and settlement of the community property regime. See LSA-C.C. Arts. 2364-2367.
In so holding, we distinguish Levine v. Levine, 373 So.2d 1380 (La.App. 4th Cir. 1979); Hartley v. Hartley, 341 So.2d 1257 (La.App. 1st Cir.1976); and Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2nd Cir. 1973), relied on by the husband. Levine simply recognizes that, upon rendering an initial judgment of alimony pendente lite, a trial judge may take into account the husband’s half of the community property in the wife’s possession and deduct its value from the amount of alimony owed by the husband retroactive to the date the alimony petition was filed. This procedure is merely an accounting device for the convenience of the judge in drafting the judgment. Hartley and Cumpton likewise permit community property credits against alimony pendente lite obligations stemming from the early days of the separation. The cited cases do not authorize a husband to offset post-divorce permanent alimony and support arrearages years after the separation by claiming a credit for the value of his half of certain community property in the wife’s possession.
We likewise reject the husband’s argument that the trial judge erred in finding him in contempt and ordering a two-day incarceration. According to Youngberg, he has suffered financial distress since the prior judgment and should not be incarcerated for failing to make the payments where he has not willfully disobeyed the court’s orders.
Youngberg testified at length concerning his financial deterioration. * Although he formerly enjoyed a $3,000.00 per month income as a buyer for a retail jeweler, he stated that his draw has been reduced to $1,500,00 per month for June and July, 1985, and had been eliminated since August, 1985, after a federal tax lien was placed on the bank account of his closely held corporation. Youngberg further stated, however, that he had a new business venture called “Cooking With Jazz”, a retail merchandise outlet at the Jackson Brewery in the New Orleans French Quarter, and could draw on funds in this business account to pay personal expenses. According to Youngberg, his “break even” point in the new business was $14,000.00 in sales per month, and the new business received some $16,000.00 in credits in June, 1985, and $20,000.00 in July. Although he stated that he has tried to make his child support payments, Youngberg acknowledged that he has been taking money out of this commercial account to pay business expenses. He also testified extensively about his outstanding personal and business debts, including purchases of expensive clothing and a $2,000.00 bill for a wedding rehearsal dinner at Antoine’s Restaurant on his remarriage.
The evidence considered, we find no error in the trial judge’s conclusion that Mr. Youngberg has “continued to live on a scale not consonant with his financial condition”, that “his new business has grossed substantially in excess” of the monthly break-even point, and that he has paid other creditors “while his child support has gone unpaid.” Under these circumstances, we find no error in the judgment ordering the husband to serve two days of the thirty-day suspended sentence previously imposed on him.
Accordingly, the judgment is affirmed.
AFFIRMED.