GOTHARD, Judge.
The defendant husband appeals from a judgment rejecting his set-off demand against past due alimony pendente lite. We affirm.
Mr. and Mrs. Lothar Karl Rauch married on December 31, 1978 and prior to their separation lived in Kenner, Louisiana. The parties separated on December 10, 1984. Immediately prior to leaving home, Mrs. Rauch withdrew $5,000 from the couple’s banking account and made credit card purchases of $2,700 for an airline ticket, luggage and clothes.
On December 14,1984 Mrs. Rauch filed a petition for separation and sought alimony in a rule which was tried on January 14, 1985. Judgment was rendered awarding Mrs. Rauch alimony in the sum of $650 per month beginning on January 15, 1985.
On October 16, 1986 Mrs. Rauch filed a rule to make past due alimony executory, in the amount of $11,050. In response, Mr. Rauch demanded a set-off or compensation of $7,700 against the alimony arrearages, claiming Mrs. Rauch was indebted to him in that amount for her use of community funds taken immediately prior to their separation. The matter was submitted on memorandum and judgment rendered on September 15, 1987 granting Mrs. Rauch’s rule for past due alimony without any reduction in the amount for set-off or compensation. Mr. Rauch appeals from this judgment.
*1318 The issue before this court is whether Mr. Rauch is entitled to a set-off against past due alimony pendente lite. According to Mr. Rauch, his alimony arrearages should be offset by $7,700, the amount Mrs. Rauch took immediately prior to their separation. Mrs. Rauch admits to taking this amount but contests its community status. She contends the funds taken were her separate property, and further claims she is owed credits for community funds taken by Mr. Rauch prior to their separation.
The concept of compensation or set-off is provided for in LSA-C.C. art. 1893.[1] In order for compensation or set-off to be applicable, there must be a contemporaneous existence of distinct debts, equally liquidated and demandable. Hartley v. Hartley, 349 So.2d 1258 (La.1977). A contested debt is not a liquidated one; and cannot be set-off, unless proved by the one who demands it. Hartley v. Hartley, supra.
After researching the matter, the trial court in the instant case found that Mr. Rauch was not entitled to compensation for the reason that any debt owed by Mrs. Rauch to Mr. Rauch was not liquidated or demandable. The trial court, accordingly, disallowed Mr. Rauch’s demand to offset $7,700 against alimony arrearages. We agree.
Mr. Rauch, however, disputes the legal authority for the trial court’s judgment. He relies on Nelson v. Nelson, 318 So.2d 68 (La.App. Cir. 1 1975), on rehearing, and the case on which its holding was based, Cumpton v. Cumpton, 283 So.2d 846 (La. App. Cir. 2 1973), in support of his contention that a husband is allowed to credit community funds taken by the wife against an alimony judgment which has been made executory.
The Supreme Court in Hartley, supra, disapproved of the reasoning and results in both Nelson and Cumpton. Having distinguished Nelson on its facts, the court in Hartley went on to emphasize that for compensation to take place, each claim must be equally liquidated and demanda-ble. The Court concluded the debt of the defendant husband was not a liquidated claim, and reasoned as follows:
In the case at hand the best that can be said of Mr. Hartley's position is that he has a potential claim against his wife for community funds, a claim very likely to be contested, and one which should properly be determined in a partition of the community property_Mrs. Hartley’s “debt,” when placed beside her husband’s alimony judgment obligation, is definitely not “equally liquidated and de-mandable.” Compensation or set-off is therefore not available in these proceedings to offset or reduce the debt owed by Mr. Hartley for past due alimony. 349 So.2d 1258, 1261.
The Hartley decision has been consistently followed by the appellate courts. See Youngberg v. Youngberg, 499 So.2d 329 (La.App. Cir. 4 1986); West v. West, 438 So.2d 706 (La.App. Cir. 2 1983); Massie v. Massie, 436 So.2d 739 (La.App. Cir. 3 1983); Thomas v. Thomas, 400 So.2d 1120 (La.App. Cir. 1 1981); Dees v. Dees, 382 So.2d 1057 (La.App. Cir. 2 1980); Castille v. Cas-tille, 358 So.2d 1002 (La.App. Cir. 3 1978). This jurisprudence makes clear that an offset based on a disputed community claim, as here, should be resolved upon partition and settlement of the community property regime, rather than as a defense to a claim for unpaid alimony.
Based on the aforesaid authority, and the evidence considered, we hold to affirm the trial court’s judgment. Mr. Rauch cannot offset community funds taken by his wife prior to separation against a judgment for past due alimony pendente lite, since the community status of the claim is disputed. *1319 Mr. Rauch has failed to show that the two debts are “equally liquidated and demanda-ble,” therefore compensation is not available in this case.
JUDGMENT AFFIRMED.

. Art. 1893. Compensation extinguishes obligations
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.